### JOHN R. SCOTT v. STATESVILLE PLYWOOD AND VENEER COMPANY, INC.

(Filed 7 April, 1954.)

**1. Libel and Slander § 10—**

In an action for libel, the complaint ought to state the libel in the original language.

**2. Libel and Slander § 7c—**

Statements in pleadings or other papers filed in a judicial proceeding are absolutely privileged unless they are not relevant or pertinent to the subject matter, which presents a question of law to be determined on the basis of whether they are so palpably irrelevant and improper that no reasonable man could doubt that they could not become a proper subject of inquiry in the action or proceeding.

**3. Pleadings § 15—**

The office of a demurrer is to test the sufficiency of the pleading assailed for fatal defect appearing on its face, admitting for the purpose of the demurrer the truth of every fact alleged therein and all reasonable inferences of fact to be deduced therefrom.

**4. Pleadings § 19c—**

A complaint may be fatally defective in failing to state a cause of action either because of a want of averment of some essential element of the cause of action, which constitutes a defective statement of a good cause of action; or it may be defective by reason of a positive averment of some fact or combination of facts which affirmatively discloses that plaintiff's supposed grievance is not actionable, which constitutes a statement of a defective cause of action.

**5. Pleadings § 22b—**

A defective statement of a good cause of action may be cured by amendment; a statement of a defective cause of action may not.

**6. Libel and Slander § 10: Pleadings § 19c—**

> In this action for libel it appeared on the face of the complaint that the words constituting the basis of the action were contained in pleadings and papers filed by defendant in a duly constituted civil action, and that they were relevant to that action. *Held:* The complaint sets forth a statement of a defective cause of action and defendant's demurrer was properly sustained, since upon the face of the complaint the alleged libelous words were absolutely privileged, and were not actionable.

APPEAL by plaintiff from *Rousseau, J.,* January Term 1954, IREDELL. Affirmed.

Civil action to recover damages for libel.

Plaintiff alleges in his complaint that this defendant, in September 1952, instituted a civil action against him and other individuals and corporations and "caused to be filed in the Superior Court of Caldwell County . . . complaint and affidavit" in which it is affirmatively alleged that the plaintiff "entered into a conspiracy with other persons to create a business front by making a show of property to obtain credit and the plan to divide any cash thus obtained among the said conspirators secretly . . . that this plaintiff was a 'straw figure'; that he and other persons created a fraudulent scheme to 'hoodwink' other persons and manufacturers for the purpose of building up their credit; that this plaintiff . . . in following up the plan of conspiracy caused 'Dummy Corporations' to be formed in order to hastily make the material so obtained into furniture, sell and collect for it with the purpose of going out of business;" accuses this plaintiff of having a scheme or plan for the purpose and intent of defrauding the defendant herein and others; "wrongfully, wilfully and maliciously accuses this plaintiff of the crime of embezzlement and fraud;" that on 23 September 1952, this defendant—plaintiff in said action—"caused a notice of summons and attachment to be printed and published in a newspaper of wide circulation in Caldwell County, alleging fraud and conspiracy on the part of this plaintiff . . .;" that the property wrongfully and wilfully attached was not the property of this plaintiff, and that the attachment has been vacated.

Plaintiff further alleges that said libelous statements and accusations of fraud, conspiracy to defraud, embezzlement, and deceit were false, malicious, "and done with the intent to embarrass, injure and harm the reputation and character" of this plaintiff, and have in fact damaged his reputation, his character, and his credit.

He prays recovery of $50,000 compensatory and $100,000 punitive damages.

There are other allegations in the complaint which are not material to the question presented by this appeal. A summary thereof would serve no useful purpose.

Defendant appeared and demurred to the complaint for that it affirmatively appears on the face of the complaint that said statements, allegations, and accusations were made in the complaint and other instruments filed in a duly constituted civil action then pending in the Superior Court of Caldwell County and therefore were privileged under the absolute privilege rule and cannot be made the basis of an action for damages for libel.

It likewise demurred to other allegations respecting the attachment upon the assumption they may constitute an attempt to allege a cause of action for wrongful attachment; and for that the allegations contained in paragraph 8 of the complaint do not constitute a cause of action if so intended by the plaintiff.

At the hearing in the court below judgment sustaining the demurrer and dismissing the action was duly entered.

Plaintiff excepted and appealed.

*W. H. Childs and W. M. Nicholson for plaintiff appellant.*
*Hal B. Adams and Scott, Collier & Nash for defendant appellee.*

BARNHILL, C. J.   The plaintiff does not specify in his complaint the exact language used in the complaint in the Caldwell County case which he alleges constitutes the libelous statements of and concerning him. Nor does he set forth the substance thereof. It is apparent that, instead, he recites his conclusions as to the meaning, force, and effect of the words used by defendant in his complaint and affidavit and in the notice of summons published as substituted service of summons and notice of attachment. He alleges that this defendant in said instruments "accuses this plaintiff of the crime of embezzlement and fraud;" and "accuses this plaintiff of having a scheme . . ." etc. These and like allegations are patently plaintiff's description of the sense and substance of, or his conclusion as to, the imputations to be attributed to the language actually used.

The declaration or complaint ought to state the libel in the original language. *Whitaker v. Freeman,* 12 N.C. 271; *Burns v. Williams,* 88 N.C. 159; *Gudger v. Penland,* 108 N.C. 593.

Be that as it may, the demurrer is not directed to the form of the allegations. On the question here presented for decision the form of the allegations is immaterial. It is made to appear affirmatively on the face of the complaint that the language used by defendant was used in the pleadings and other papers directly connected with and forming a part of a duly constituted judicial proceeding. Therefore, whether the plaintiff pleads the exact language or the substance thereof or merely the innu-

endoes arising therefrom, the result is the same. The complaint fails to state an actionable wrong.

The controlling rule is stated by *Johnson, J.,* speaking for the Court, in *Jarman v. Offutt,* 239 N.C. 468, as follows:

"The general rule is that a defamatory statement made in due course of a judicial proceeding is absolutely privileged and will not support a civil action for defamation, even though it be made with express malice." (authorities cited). See also Anno. 16 A.L.R. 746, 42 A.L.R. 878, 12 A.L.R. 1250; *Abbott v. National Bank,* 175 U.S. 409, 44 L. Ed. 217.

While statements in pleadings and other papers filed in a judicial proceeding are not privileged if they are not relevant or pertinent to the subject matter of the action, the question of relevancy or pertinency is a question of law for the courts, and the matter to which the privilege does not extend must be so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety. If it is so related to the subject matter of the controversy that it may become the subject of inquiry in the course of the trial, the rule of absolute privilege is controlling. 33 A.J. 146, sec. 150; A.L.I. Torts 233; *cf. Harshaw v. Harshaw,* 220 N.C. 145, 16 S.E. 2d 666.

But plaintiff stressfully contends that the plea of absolute privilege is an affirmative defense which must be taken advantage of by answer and not by demurrer. On this record his contention in this respect is untenable.

The office of a demurrer is to test the sufficiency of a complaint or other pleading. *Teague v. Oil Co.,* 232 N.C. 469, 61 S.E. 2d 345; *Winston v. Lumber Co.,* 227 N.C. 339, 42 S.E. 2d 218; *McDowell v. Blythe Bros. Co.,* 236 N.C. 396, 72 S.E. 2d 860; *Insurance Co. v. McCraw,* 215 N.C. 105, 1 S.E. 2d 369; *Clinard v. Lambeth,* 234 N.C. 410, 67 S.E. 2d 452; *Madry v. Scotland Neck,* 214 N.C. 461, 199 S.E. 618.

If it is asserted that the complaint is fatally defective and the defect appears on the face of the complaint, that is, that it is wholly insufficient to state a cause of action, the question should be raised by demurrer. *Kennerly v. Town of Dallas,* 215 N.C. 532, 2 S.E. 2d 538; *Poovey v. Hickory,* 210 N.C. 630, 188 S.E. 78; *Oldham v. Ross,* 214 N.C. 696, 200 S.E. 393; *Davis v. Rhodes,* 231 N.C. 71, 56 S.E. 2d 43; *In re York,* 231 N.C. 70, 55 S.E. 2d 791; *McDowell v. Blythe Bros. Co., supra.*

"A demurrer is designed to challenge the sufficiency of a complaint which contains the statement of a defective cause of action, McIntosh, N. C. P. & P. 399, 455, and is to be resorted to when the complaint is fatally defective in this respect." *Davis v. Rhodes, supra,* and cases cited.

In this connection we must bear in mind that a fatal defect in a complaint may consist either of (1) a want of averment of some essential element of plaintiff's alleged cause of action—a defective statement of a

good cause of action; or (2) the positive allegation of some fact or combination of facts which affirmatively discloses that plaintiff's supposed grievance is not actionable—a statement of a defective cause of action. *Sabine v. Gill, Comr. of Revenue,* 229 N.C. 599, 51 S.E. 2d 1.

The first may be cured by amendment; the second may not. *Davis v. Rhodes, supra.*

It comes to this: the plaintiff vouches for the truth of the allegations contained in his complaint. When the defendant demurs thereto, he admits the truth of each and every fact alleged therein and all reasonable factual inferences to be deduced therefrom. Thus, in effect, a demurrer constitutes the complaint a stipulation of facts. If the facts so agreed, liberally construed in favor of the pleader, constitute a cause of action, or if defendant must resort to facts *dehors* the complaint to make good his challenge, *Towery v. Dairy,* 237 N.C. 544, 75 S.E. 2d 534, *Lamm v. Crumpler, ante,* 35, the demurrer should be overruled. If the plaintiff has failed to allege some essential element of the cause of action upon which he relies, or has affirmatively alleged some particular fact which discloses that he has no maintainable cause of action, the demurrer should be sustained.

Here the plaintiff alleges written statements made by defendant which, nothing else appearing, are libelous in nature. But he also alleges that such statements were made in the complaint and other papers filed in a duly constituted action pending in Caldwell County, and it affirmatively appears on the face of the complaint that such allegations were relevant to the cause of action therein stated. Thus it appears upon the face of the complaint that the statements alleged therein, however defamatory in nature they may be, are protected by the rule of absolute privilege and cannot be made the subject of an action for damages on behalf of plaintiff and against the defendant.

Plaintiff cites and relies on *Foust v. Durham,* 239 N.C. 306. But that case is not authority for plaintiff's position here assumed. The complaint there under consideration contained no allegation that the water main described therein was constructed and maintained by the defendant in furtherance of a governmental function. Here the facts alleged do disclose, as a matter of law, that defendant is protected by the rule of absolute immunity. Hence, the alleged libelous statements may not be made the subject matter of an action for damages. The privilege is absolute and the defense is complete.

As the complaint constitutes a statement of a defective cause of action which cannot be made good by amendment, the court properly sustained the demurrer and dismissed the action. *Davis v. Rhodes, supra.* Therefore, the judgment entered in the court below is

Affirmed.