41 N.J. Super. 146 (1956)
124 A.2d 313
LOUIS P. GREENBERG, PLAINTIFF-APPELLANT,
v.
BENJAMIN ACKERMAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued July 23, 1956.
Decided July 27, 1956.
*147 Before Judges FREUND, WEINTRAUB and COOLAHAN.
Mr. Abraham Alboum argued the cause for the plaintiff-appellant.
Mr. Monroe Ackerman argued the cause for the defendant-respondent (Messrs. Rudd & Ackerman, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
The plaintiff Louis P. Greenberg, an architect, sued the defendant Benjamin Ackerman for damages resulting from alleged defamatory statements charged to have been made "falsely, maliciously and with intent to and for the purpose of injuring the plaintiff in his good name, fame and credit." Admittedly, the statements were made on December 1, 1955 by the defendant while a witness in the trial of the case of Pestunowitz v. Hochberg in the Superior Court of New Jersey, Law Division, in which case Pestunowitz as general contractor sued the owners for the unpaid balance due on the construction price of a building, for which the plans had been drawn by the plaintiff herein, Louis P. Greenberg. In that case Ackerman, whose company had supplied structural steel, was called as a witness for the plaintiff Pestunowitz, and in the course of his testimony, in response to the questions of counsel, made three allegedly defamatory statements about the architect *148 Greenberg, which remarks are the basis of the present litigation.
The defendant Ackerman moved for summary judgment under R.R. 4:58 on the ground that there existed no genuine issue as to any material fact. The motion was granted. On appeal the plaintiff contends that the defendant's statements were not privileged because they were the product of ill will and malice, and that the question of their relevancy was for the jury.
It is settled that the testimony of a witness given in the course of a judicial proceeding, having some relation thereto, is absolutely privileged and thus affords complete protection against defamation actions regardless of ill will or malice. Rainier's Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552, 558 (1955); Prosser on Torts (2d ed.), § 95, p 606. Here, there is no question that the statements were made during the course of a judicial proceeding. Thus, the only question for determination is whether they had some relation thereto.
It is, we think, significant that the statements which are the basis for this proceeding were made by the defendant as answers to questions propounded to him both on cross and on redirect examination. Further, at no time did either counsel object to any part of the answers as not being responsive or as being in any other way objectionable. 33 Am. Jur., Libel & Slander, § 181, p. 174.
The testimony here under review was:
On cross-examination (by counsel for the defendant):
"Q. Were you familiar with the provision in the specification which specified that all work shall be executed in the most thorough, substantial, neat and workmanlike manner and to the entire satisfaction on written acceptance of the architect?

* * * * * * * *
A. I don't remember because there was no supervision on the job. I never seen the architect on the job.
Q. The answer is `No.' A. All my business was done with Mr. Morris Pestunowitz, the contractor, and that was a very loosely drawn plan. In the trade we call that a `lousy' plan.

* * * * * * * *
*149 "Q. At that time what did you say to Mr. Pestunowitz and what did he say to you about this deviation from the contract? A. If I recall right I said, Morris, this is a crummy plan and the deviation about the lintels is not too clear, they wouldn't suit the job, you have to provide to carry that window sash.' There was no provision. The two channels the architect called for, you could not hold the window head. I said, `Morris, suppose I straighten them out and give them something of equal strength or strength enough and put an extra angle on. It will cost me more money but we have to do it to get the job good.'"
On re-direct examination (by counsel for the plaintiff):
"Q. In regard to the discrepancies you observed in the plans that you testified to in respect to the lintels, why didn't you contact Mr. Greenberg? A. There was no supervision. These architects draw up a standard specification and half the time they don't know what goes into them. They throw a plan together, the specifications from another job of this type. It's usually customary for a sloppy architect to do that. He had no supervision; he wasn't interested in the job. If I brought the details down to him he would throw me out and say. `Why bother me. Work it out with the contractor.' They don't get paid enough to bother with these incidentals."
The plaintiff argues that the pertinency and relevancy of the defendant's answers were questions of fact for the jury, relying on Finkelstein v. Geismar, 91 N.J.L. 46 (Sup. Ct. 1918), affirmed 92 N.J.L. 251 (E. & A. 1918), and La Porta v. Leonard, 88 N.J.L. 663 (E. & A. 1916). Neither of these cases supports the plaintiff's contention, for neither is in point. The Finkelstein case raised the question of whether or not in a proceeding involving qualified privilege the defamatory remarks were motivated by ill will or malice. There being a factual dispute on this issue it was held that the action of the trial court in sending the case to the jury was proper. In the La Porta case, the alleged defamatory remarks were made during the course of trial by one counsel about his adversary. The defendant not only denied making the remarks, but contended that he was privileged. The jury returned a verdict for the plaintiff. On appeal the Court of Errors and Appeals reversed, but it expressed its opinion that the alleged defamatory statements made by the defendant had no relevancy to the issues nor to the proper *150 conduct of the case before the trial court. Thus, the case cannot be interpreted as stating as a general rule that the question of relevancy when raised in conjunction with the defense of privilege in a defamation case must as a matter of law be sent to the jury.
In other jurisdictions it has been held that where the facts are undisputed the question of the pertinency or relevancy to the issues of defamatory remarks made during a judicial proceeding is a question of law for the court. Matthis v. Kennedy, 243 Minn. 219, 67 N.W.2d 413, 418 (Sup. Ct. 1954); Scott v. Statesville Plywood & Veneer Co., 240 N.C. 73, 81 S.E.2d 146, 149 (Sup. Ct. 1954); Ginsberg v. Black, 192 F.2d 823 (7 Cir. 1951), certiorari denied 343 U.S. 934, 72 S.Ct. 770, 96 L.Ed. 1342 (1952); 53 C.J.S., Libel & Slander, § 228, p. 346.
In the posture of the proofs before us, we need not rule on whether or not the question of relevancy is in all circumstances a matter of law for the court. The primary issue in the Pestunowitz case was whether or not the building had been constructed in conformity with the plans and specifications drawn by the architect, the plaintiff herein, Louis P. Greenberg. The defendant's remarks, while not concise, were in explanation of why certain steel work did not conform to the architect's plans, and hence were relevant to the main issue. Moreover, they were made in answer to questions propounded by counsel and were not objected to. Accordingly, they were absolutely privileged. Rainier's Dairies v. Raritan Valley Farms, Inc., supra.
There being no genuine issue as to any material fact, the trial court's action in entering summary judgment was proper. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 75 (1954).
Judgment affirmed.