ELVIN O. BURTON v. NCNB NATIONAL BANK OF NORTH CAROLINA AND B. ERVIN BROWN, II

No. 8621SC1039

(Filed 19 May 1987)

1. **Appeal and Error § 24— summary judgment—no assignments of error—exception to requirement**

Plaintiff's appeal was not dismissed despite his failure to set out any assignments of error because an appeal from entry of summary judgment presents the question of whether the judgment is supported by the conclusions of law and therefore constitutes an exception to the general requirement of Rule 10(a) of the Appellate Rules of Procedure.

**2. Rules of Civil Procedure § 56.7— denial of Rule 12(b)(6) motion—summary judgment not prohibited**

The denial of a motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) did not prevent the trial court from granting a subsequent motion for summary judgment.

**3. Libel and Slander § 11— letter between attorneys—legal proceeding not formally begun—absolutely privileged**

Summary judgment in a libel action arising from a debt collection letter threatening criminal prosecution was proper because the letter, if defamatory, was protected by an absolute privilege in that the letter was between the parties' attorneys, involved a judicial proceeding, and the allegedly defamatory statements were relevant to the proceeding.

**4. Trespass § 2— intentional infliction of mental distress—letter threatening criminal prosecution—not sufficient**

Summary judgment for defendants was proper on plaintiff's claim for intentional infliction of mental distress in an action arising from a debt collection letter where the statement that defendant was considering criminal prosecution for the filing of an inaccurate financial statement was not extreme and outrageous conduct.

**5. Appeal and Error § 45.1— tort of threatening criminal prosecution—no argument concerning summary judgment on—abandoned**

Plaintiff was held to have abandoned a contention that the trial court erred by granting summary judgment for defendant on a cause of action for threatening criminal prosecution during a debt collection action by failing to point the court to authority which acknowledged the existence of such a tort or by supporting the contention with any reasoning or argument. Rule 28(b)(5) of the Rules of Appellate Procedure.

APPEAL by plaintiff from summary judgment entered by *Long, James M., Judge.* Judgment entered 5 May 1986 in Superior Court, FORSYTH County. Heard in the Court of Appeals 3 March 1987.

*James M. Hayes and Cahoon and Swisher, by Robert S. Cahoon, for plaintiff-appellant.*

*Smith Helms Mulliss & Moore, by Benjamin F. Davis, Jr., and Robert H. Slater, for defendant NCNB National Bank of North Carolina.*

*Bell, Davis & Pitt, P.A., by William Kearns Davis, for defendant B. Ervin Brown, II.*

GREENE, Judge.

This is a civil action for alleged libel, intentional infliction of emotional distress, "threat of criminal prosecution" and "false light" invasion of privacy. The trial court dismissed plaintiff's cause of action for "false light" invasion of privacy and granted summary judgment for defendants on each of plaintiff's other actions. Plaintiff appeals from the summary judgment.

The issues are: (1) whether plaintiff's appeal should be dismissed for failure to comply with North Carolina Rules of Appellate Procedure, Rule 10(a) and (2) whether summary judgment for defendants was proper.

I

**[1]** Plaintiff failed to set out any assignments of error in the record. Defendants contend plaintiff's appeal should be dismissed under Rule 10(a) of the Appellate Rules of Procedure.

An appeal from entry of summary judgment presents the question of whether the judgment is supported by the conclusions of law and therefore constitutes an exception to the general requirement of Rule 10(a) that assignments of error must appear in the record. *Beaver v. Hancock*, 72 N.C. App. 306, 309-10, 324 S.E. 2d 294, 297-98 (1985). Therefore, plaintiff's appeal should not be dismissed under Rule 10(a) of the Appellate Rules of Procedure.

II

A

**[2]** Plaintiff first argues that summary judgment should not have been entered against him because the court had earlier denied defendants' motion to dismiss the actions for failure to state a claim under Rule 12(b)(6) of the Rules of Civil Procedure. N.C.G.S. Sec. 1A-1, Rule 12(b)(6) (Nov. 1983).

The denial of the motion to dismiss under Rule 12(b)(6) does not prevent the trial court from granting a subsequent motion for summary judgment. *Barbour v. Little*, 37 N.C. App. 686, 692, 247 S.E. 2d 252, 255-56, *disc. rev. denied*, 295 N.C. 733, 248 S.E. 2d 862 (1978). Plaintiff's argument is without merit.

## B

[3] Summary judgment is appropriate when there is no genuine issue as to any material fact and any party is entitled to judgment as a matter of law. N.C.G.S. Sec. 1A-1, Rule 56(c) (Nov. 1983).

It is undisputed that, at the time of the alleged libel, plaintiff was the defendant in a lawsuit initiated by defendant NCNB. The suit was for collection of a debt plaintiff had allegedly guaranteed. Defendant Brown, an attorney, represented NCNB in the matter and wrote a letter to plaintiff's attorney concerning the suit. It was the opinion of Brown and NCNB that a financial statement filed by plaintiff with the bank did not accurately reflect plaintiff's financial holdings at the time of its filing. Brown's letter set forth that opinion and further contained this sentence: "I write at the request of the bank to let you know that criminal prosecution under 18 U.S.C. Sec. 1014 as a result of the foregoing described discrepancies remains a viable option which is being given serious consideration." Copies of the letter were sent to two officers of defendant NCNB.

Plaintiff contends the letter libeled him in his business and the court erred in granting defendants' summary judgment on plaintiff's cause of action for libel. We hold that defendants are protected by an absolute privilege. Therefore, the court's summary judgment regarding the cause of action for libel must be affirmed.

The general rule in North Carolina is that a defamatory statement is absolutely privileged if it was "made in due course of a judicial proceeding," even if it was made with express malice. *Jarman v. Offutt*, 239 N.C. 468, 472, 80 S.E. 2d 248, 251 (1954).

Our courts have held that statements are "made in due course of a judicial proceeding" if they are submitted to the court presiding over litigation or to the government agency presiding over an administrative hearing and are relevant or pertinent to the litigation or hearing. *See Scott v. Veneer Co.*, 240 N.C. 73, 81 S.E. 2d 146 (1954) (statement made in a judicial pleading); *Jarman v. Offutt*, 239 N.C. 468, 80 S.E. 2d 248 (1954) (a lunacy hearing is a judicial proceeding within the rule); *Williams v. Congdon*, 43 N.C. App. 53, 257 S.E. 2d 677 (1979) (psychiatrist's report submitted to court). *See also Ramsey v. Cheek*, 109 N.C. 270, 273, 13 S.E. 775,

775 (1891) (setting out the general rule and including statements of the judge from the bench and statements of a witness on the stand). If the defamatory statement is "so related to the subject matter of the controversy that it may become the subject of inquiry in the course of the trial," the statement is relevant to the judicial proceeding. Whether the statement is relevant is a matter of law for the courts. *Scott*, 240 N.C. at 76, 81 S.E. 2d at 149.

Our courts have not addressed the question of whether out-of-court communications between parties or their attorneys during the course of a judicial proceeding are "made in due course of a judicial proceeding" and, therefore, absolutely privileged.

Absolute privilege is restricted to cases in which the public has a strong interest in allowing the defendant to "speak out his mind fully and freely." *Ramsey*, 109 N.C. at 273, 13 S.E. at 775. If the privilege were extended to out-of-court communications between parties to a judicial proceeding or their attorneys, it would serve the same public interest it serves by making statements which are submitted to the court privileged. *See* Restatement (Second) of Torts Sec. 586, comment *a* at 247 (1977). To fail to extend the absolute privilege to out-of-court statements which are between parties to an action or their attorneys and which are relevant to the proceeding would hinder the disclosure of facts necessary to the disposition of the suit and, thus, discourage settlement. Therefore, if an out-of-court statement is (1) between parties to a judicial proceeding or their attorneys and (2) relevant to the proceeding, it is absolutely privileged and not actionable on grounds of defamation.

At the time Brown wrote the letter, NCNB and plaintiff were parties in an action brought by NCNB to recover a debt from plaintiff as its guarantor. Brown represented NCNB in the action and addressed the letter to plaintiff's counsel. Copies of the letter were sent only to NCNB officials intimately involved in the action to recover on the debt. The financial statement referred to in the allegedly defamatory letter was part of the bank's requirements in order to give a loan. Any discrepancies in it were relevant to the action on the debt. We do not find, in the words of *Scott v. Veneer Co.*, that the letter is "so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety." 240 N.C. at 76, 81 S.E. 2d at 149.

The letter here was between the parties' attorneys involved in a judicial proceeding and the allegedly defamatory statements were relevant to the proceeding. Therefore, the letter, if defamatory, is protected by an absolute privilege. Summary judgment on the cause of action for libel is affirmed.

C

[4] Plaintiff contends the trial court erred in granting summary judgment for defendants on the cause of action for intentional infliction of emotional distress.

The elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct, (2) which is intended to cause and does cause, (3) severe emotional distress. *Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E. 2d 325, 335 (1981). Whether the statement is extreme and outrageous is initially a question of law for the court. If the court determines that the statement may be reasonably regarded as extreme and outrageous, then it is for the jury to determine whether, under the facts of a particular case, the defendant's conduct in making the statement was in fact extreme and outrageous. *Briggs v. Rosenthal*, 73 N.C. App. 672, 676, 327 S.E. 2d 308, 311, *cert. denied*, 314 N.C. 114, 332 S.E. 2d 479 (1985). A defendant's conduct is "extreme and outrageous" when it "exceeds all bounds usually tolerated by decent society." *Stanback v. Stanback*, 297 N.C. 181, 196, 254 S.E. 2d 611, 622 (1979).

Plaintiff contends the statement by Brown that NCNB was considering criminal prosecution for the filing of an inaccurate financial statement was extreme and outrageous conduct, intending to cause and causing severe emotional distress. We find the statement does not, under the facts of this case, exceed "all bounds usually tolerated by decent society." We find as a matter of law that the statement was not extreme and outrageous conduct. Therefore, summary judgment on the cause of action for intentional infliction of emotional distress is affirmed.

D

[5] Lastly, plaintiff contends the trial court erred in granting summary judgment for defendants on the cause of action for "threat of criminal prosecution." Plaintiff suggests several bases for this cause of action in his brief but fails either to point the

Court to authority which acknowledges the existence of such a tort or to support his contention with any reasoning or argument. We, therefore, hold that plaintiff has abandoned this assignment of error under Rule 28(b)(5) of the Rules of Appellate Procedure.

### III

The entry of summary judgment as to all of plaintiff's claims was appropriate and that judgment is

Affirmed.

Judges ARNOLD and MARTIN concur.