DOUGLAS W. HARRIS v. NCNB NATIONAL BANK OF NORTH CAROLINA

No. 8615SC1134

(Filed 19 May 1987)

1. **Libel and Slander § 1— legal proceeding not yet begun—statements privileged**

    Plaintiff did not state a claim for defamation where plaintiff alleged that defendant's attorney mailed to plaintiff's employer's attorney a letter and complaint which had not yet been filed alleging that plaintiff had obtained property by false pretense and demanding $20,500 plus interest if the complaint was not to be filed. An absolute privilege exists not only with respect to statements made in the course of a pending judicial proceeding but also with respect to communications relevant to proposed judicial proceedings.

2. **Extortion § 1— civil claim for attempted extortion—claim not stated**

    Plaintiff's claim for attempted extortion was properly dismissed where defendant's attorney stated in a letter to plaintiff's employer's attorney that an attached complaint would be filed if plaintiff's employer did not pay by a specified date an amount to which defendant claimed it was entitled. A statement of intention to file a suit to enforce one's claimed legal rights is neither a threat nor the exercise of unlawful or wrongful coercion.

3. **Appeal and Error § 45.1— failure to state claims upon which relief could be granted—two claims not argued in brief—considered by court**

    The Court of Appeals considered whether plaintiff's complaint stated claims for intentional infliction of mental distress and unfair trade practices, even though the brief addressed only plaintiff's defamation claim, because dismissal of plaintiff's complaint would not be appropriate if the complaint was sufficient to state a claim under any legal theory.

4. **Trespass § 2— intentional infliction of mental distress—threat of civil lawsuit—claim not sufficient**

    The acts of defendant in sending a letter of demand to an adverse party in anticipation of litigation together with a proposed complaint setting forth the

basis of the claim may not be reasonably regarded as extreme and outrageous conduct sufficient to support a claim for intentional infliction of mental distress.

**5. Unfair Competition § 1— threat of civil lawsuit—not unfair and deceptive trade practice**

A communication from defendant's attorney to the attorney for plaintiff's employer concerning the subject matter of the disputed claim was neither unfair nor deceptive in view of the strong public policy favoring freedom of communication between parties and their attorneys with respect to anticipated or pending litigation.

APPEAL by plaintiff from *Lee, Judge.* Order entered 26 August 1986 in Superior Court, ORANGE County. Heard in the Court of Appeals 11 March 1987.

*Cheshire & Parker, by Lucius M. Cheshire, for plaintiff appellant.*

*Bell, Davis & Pitt, P.A., by William Kearns Davis and Stephen M. Russell, for defendant appellee.*

MARTIN, Judge.

Plaintiff filed this civil action claiming damages for defamation, "attempted extortion," intentional infliction of mental distress, and unfair and deceptive practices in commerce in violation of G.S. 75-1.1. Defendant moved, pursuant to G.S. 1A-1, Rule 12(b)(6), that the complaint be dismissed for its failure to state a claim for relief. The trial court granted defendant's motion and dismissed the action. Plaintiff appealed. We affirm the decision of the trial court.

A motion to dismiss made pursuant to G.S. 1A-1, Rule 12(b)(6) tests the legal sufficiency of the complaint. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). In order to withstand such a motion, the complaint must provide sufficient notice of the events and circumstances from which the claim arises, and must state allegations sufficient to satisfy the substantive elements of at least some recognized claim. *Hewes v. Johnston*, 61 N.C. App. 603, 301 S.E. 2d 120 (1983). The question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). In general,

"a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*" *Id.* at 185, 254 S.E. 2d at 615, *quoting* 2A Moore's Federal Practice, § 12.08, pp. 2271-74 (2d ed. 1975) (emphasis original). Such a lack of merit may consist of the disclosure of facts which will necessarily defeat the claim as well as where there is an absence of law or fact necessary to support a claim. *Sutton v. Duke, supra.*

In the present case, plaintiff alleged in his complaint that defendant had caused its attorney, M. Leann Nease, to prepare a document which accused plaintiff of obtaining property by false pretense and that the defamatory statement had been published by transmittal of the document, together with a letter from Ms. Nease, to Lawson Brown, an attorney representing plaintiff's employer, North Central Production Credit Association (NCPCA). A copy of Ms. Nease's letter to Mr. Brown, together with a copy of the document containing the alleged defamatory statement, was attached as an exhibit to plaintiff's complaint. The letter from Ms. Nease to Mr. Brown concerned defendant NCNB's legal position with respect to a dispute with NCPCA over the proceeds of a sale of certain farm equipment in which both NCNB and NCPCA claimed a security interest. The document referred to in plaintiff's complaint was an unfiled complaint which Ms. Nease had prepared captioned:

NCNB NATIONAL BANK OF NORTH
CAROLINA

v

NORTH CENTRAL PRODUCTION CREDIT
ASSOCIATION, THE UNITED STATES
OF AMERICA Acting Through The
FARMERS HOME ADMINISTRATION OF
THE U.S. DEPARTMENT OF AGRICULTURE,
and DOUG HARRIS, individually
and as an employee and agent of NORTH
CAROLINA CENTRAL PRODUCTION CREDIT
ASSOCIATION

The unfiled complaint also alleged facts relating to the dispute existing between NCNB and NCPCA and alleged that plaintiff had made false statements to the debtor, the owner of the equipment,

and to NCNB concerning the sale of the equipment and the disbursement of the proceeds thereof, and had committed unfair or deceptive acts affecting commerce in violation of G.S. 75-1.1. The unfiled complaint alleged that NCPCA had engaged in unfair trade practices and had converted $20,500.00 to which NCNB was entitled from the sale of the equipment. The letter from Ms. Nease to Mr. Brown concluded with the following paragraph:

> I have enclosed for your review a copy of the complaint that NCNB plans to file in this matter. Unless it receives from Central, by March 26, 1986, the sum of $20,500.00 plus interest, at the legal rate, from September 6, 1985, NCNB will file this complaint.

[1] Plaintiff contends that the allegations of the unfiled complaint are defamatory as to him, and that defendant caused the defamatory material to be published by sending it to the attorney for NCPCA, his employer. He asserts that his complaint was, therefore, sufficient to state a claim for relief for defamation. We disagree.

It is now well-established that defamatory statements made in the course of a judicial proceeding are absolutely privileged and will not support a civil action for defamation, even if made with malice. *Scott v. Statesville Plywood & Veneer Co.*, 240 N.C. 73, 81 S.E. 2d 146 (1954); *Jarman v. Offutt*, 239 N.C. 468, 80 S.E. 2d 248 (1954). In determining whether or not a statement is made in the course of a judicial proceeding, the court must decide as a matter of law whether the alleged defamatory statements are sufficiently relevant to the issues involved in a proposed or ongoing judicial proceeding. Annot., 36 A.L.R. 3d 1328 (1971). With respect to the question of whether a communication or statement is relevant to litigation, our Supreme Court has stated:

> While statements in pleadings and other papers filed in a judicial proceeding are not privileged if they are not relevant or pertinent to the subject matter of the action, the question of relevancy or pertinency is a question of law for the courts, and *the matter to which the privilege does not extend must be so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety. If it is so related to the subject matter of the controversy that it may become the subject of inquiry in the*

*course of the trial, the rule of absolute privilege is controlling.*

*Scott v. Statesville Plywood & Veneer, supra,* at 76, 81 S.E. 2d at 149 (emphasis added).

In North Carolina, the phrase "judicial proceeding" has been defined broadly, encompassing more than just trials in civil actions or criminal prosecutions. *Jarman v. Offutt, supra.* The scope of the accompanying absolute privilege has been held to include not only statements made by judge, counsel and witnesses at trial, *Ramsey v. Cheek,* 109 N.C. 270, 13 S.E. 775 (1891); but also statements made in pleadings and other papers filed in the proceeding, *Scott v. Statesville Plywood & Veneer Co., supra;* out-of-court affidavits or reports submitted to the court and pertinent to the proceedings, *Bailey v. McGill,* 247 N.C. 286, 100 S.E. 2d 860 (1957); *Williams v. Congdon,* 43 N.C. App. 53, 257 S.E. 2d 677 (1979); communications in administrative proceedings where the officer or agency involved is exercising a quasi-judicial function, *Angel v. Ward,* 43 N.C. App. 288, 258 S.E. 2d 788 (1979); and out-of-court statements between parties to a judicial proceeding, or their attorneys, relevant to the proceedings. *Burton v. NCNB National Bank of North Carolina,* 85 N.C. App. 702, 355 S.E. 2d 800 (1987). The question of whether the absolute privilege extends to out-of-court communications between attorneys preliminary to proposed or anticipated litigation, however, appears to be one of first impression in North Carolina.

Plaintiff argues that the statements made on defendant's behalf by its attorney, Ms. Nease, are not absolutely privileged because no judicial proceedings were pending at the time the statements were made and because the statements were not pertinent to any proposed judicial proceeding. Rather, plaintiff asserts that, at most, defendant is protected by a qualified privilege. A qualified privilege exists with respect to those communications which, even though defamatory, are made in good faith and without actual malice upon a subject in which the communicating party has an interest or with respect to which he has some duty. *R. H. Bouligny, Inc. v. United Steelworkers of America,* 270 N.C. 160, 154 S.E. 2d 344 (1967); *Alexander v. Vann,* 180 N.C. 187, 104 S.E. 360 (1920); *Alpar v. Weyerhaeuser Co.,* 20 N.C. App. 340, 201 S.E. 2d 503, *cert. denied,* 285 N.C. 85, 203 S.E.

2d 57 (1974). Plaintiff contends that if only a qualified privilege exists, his allegations that defendant acted in bad faith and with malice in causing the allegedly defamatory document to be published are sufficient to state a claim for relief. We hold, however, that an absolute privilege exists not only with respect to statements made in the course of a pending judicial proceeding but also with respect to communications relevant to proposed judicial proceedings.

We find support for our holding in the Restatement (Second) of the Law of Torts, Section 586, which states:

An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

The absolute privilege extends to parties to the litigation. Section 587 of the Restatement provides:

A party to a private litigation . . . is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding . . . if the matter has some relation to the proceeding.

The comments to the above-cited sections indicate that the privilege is based upon the public interest of securing to all persons freedom of access to the courts to settle their private disputes, and of securing to attorneys, as officers of the court, the freedom to fully represent their clients. Both sections extend the absolute privilege to statements preliminary to proposed litigation when the statement is relevant to a proceeding which is seriously contemplated.

Our holding is in harmony with those of numerous other jurisdictions which have extended the protection of absolute privilege to relevant communications made preliminary to proposed litigation either by statute or by recognition of the Restatement view. *See, e.g., Lerette v. Dean Witter Organization, Inc.,* 60 Cal. App. 3d 573, 131 Cal. Rptr. 592 (2d Dist. 1976); *Club Valencia Homeowners Ass'n v. Valencia Assoc.,* 712 P. 2d 1024 (Colo. App. 1985); *Irwin v. Cohen,* 40 Conn. Supp. 259, 490 A. 2d 552 (1985);

*Libco Corp. v. Adams*, 100 Ill. App. 3d 314, 55 Ill. Dec. 805, 426 N.E. 2d 1130 (1981); *Sriberg v. Raymond*, 370 Mass. 105, 345 N.E. 2d 882 (1976); *Rodgers v. Wise*, 193 S.C. 5, 7 S.E. 2d 517 (1940); *Russell v. Clark*, 620 S.W. 2d 865, 23 A.L.R. 4th 924 (Tex. Civ. App. 1981); Annot., 23 A.L.R. 4th 932 (1983). *See also Johnston v. Cartwright*, 355 F. 2d 32 (8th Cir. 1966) (applying Iowa law); *Richeson v. Kessler*, 73 Idaho 548, 255 P. 2d 707 (1953); *Bull v. Mc-Cuskey*, 96 Nev. 706, 615 P. 2d 957 (1980); *Penny v. Sherman*, 101 N.M. 517, 684 P. 2d 1182, *cert. denied*, 101 N.M. 555, 685 P. 2d 963 (1984); *Cummings v. Kirby*, 216 Neb. 314, 343 N.W. 2d 747 (1974).

In the present case, the allegedly defamatory statements and the circumstances of their publication are fully set forth in plaintiff's complaint. The pleading and attachments affirmatively disclose that the statements were published by the attorney for one party to the proposed suit to an attorney for another named party which unquestionably had an interest in the controversy. The statements were clearly relevant to the issues and subject matter of the anticipated litigation, as disclosed by the unfiled complaint, in that the statements expressed the legal and factual reasons for NCNB's position with respect thereto. Thus, plaintiff's complaint discloses that the allegedly defamatory statements were absolutely privileged, necessarily defeating his claim for defamation. Plaintiff's claim for relief for defamation was properly dismissed.

[2]   Plaintiff also argues that his complaint is sufficient to allege a claim against defendant for "the tort of attempted extortion." He contends that the "attempted extortion" consists of the statement in Ms. Nease's letter to Mr. Brown to the effect that defendant would file the attached complaint unless NCPCA paid, by a specified date, the amount to which defendant claimed it was entitled.

Extortion may be defined as wrongfully obtaining anything of value from another by threat, duress, or coercion. Black's Law Dictionary 696 (4th Rev. Ed. 1968). *See* G.S. 14-118.4 (1986). "Illegality is the foundation on which a claim of coercion or duress must exist." *Bell Bakeries, Inc. v. Jefferson Standard Life Ins. Co.*, 245 N.C. 408, 419, 96 S.E. 2d 408, 416 (1957). This Court has stated that "ordinarily the filing of a civil suit to establish a claim, whether the claim be ultimately determined to be well

founded or not, will not in itself be sufficient to show any wrongul [sic] duress imposed upon the defendant in such suit." *Austin v. Wilder*, 26 N.C. App. 229, 233, 215 S.E. 2d 794, 797 (1975). A statement of intention to file suit to enforce one's claimed legal rights is neither a threat nor the exercise of unlawful or wrongful coercion. Plaintiff's purported claim for relief for "attempted extortion" was properly dismissed.

[3]   In his brief, plaintiff has not addressed by argument, citation of authority, or otherwise, the issues of whether the allegations of his complaint are sufficient to state claims for relief for intentional infliction of mental distress or for unfair and deceptive practices in commerce. As a result, he may be deemed to have abandoned his purported claims based upon those theories, as well as any contentions that the trial court erred by dismissing them. App. R. 28; *Raleigh-Durham Airport Authority v. King*, 75 N.C. App. 57, 330 S.E. 2d 622 (1985). Nevertheless, because dismissal of plaintiff's action would not be appropriate if the complaint is sufficient to state a claim under any legal theory, *Stanback v. Stanback, supra*, we must consider whether plaintiff has stated a claim for intentional infliction of mental distress or for a violation of G.S. 75-1.1. We conclude that he has not.

[4]   The tort of intentional infliction of mental distress consists of (1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe mental distress to the plaintiff. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981). The "extreme and outrageous conduct" necessary for recovery has been characterized as conduct which "exceeds all bounds usually tolerated by decent society." *Stanback v. Stanback, supra*, at 196, 254 S.E. 2d at 622. Whether or not the conduct complained of may reasonably be regarded as "extreme and outrageous" is initially a question of law for the court. *Briggs v. Rosenthal*, 73 N.C. App. 672, 327 S.E. 2d 308, *cert. denied*, 314 N.C. 114, 332 S.E. 2d 479 (1985). We conclude that the acts of defendant in sending a letter of demand to an adverse party in anticipation of litigation together with a proposed complaint setting forth the basis of its claim may not be reasonably regarded as extreme and outrageous conduct sufficient to support a claim for intentional infliction of mental distress.

[5]   Similarly, whether an alleged commercial act or practice is unfair or deceptive in violation of G.S. 75-1.1 is a question of law

for the court. *Hardy v. Toler*, 288 N.C. 303, 218 S.E. 2d 342 (1975). A practice is unfair when it is offensive to public policy or when it is immoral, unethical, or oppressive; a practice is deceptive when it has a tendency to deceive. *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). In view of the strong public policy favoring freedom of communication between parties and their attorneys with respect to anticipated or pending litigation, we conclude as a matter of law that the communication from defendant's attorney to the attorney for plaintiff's employer, a party involved in the disputed claim, concerning the subject matter of the controversy was neither unfair nor deceptive.

The trial court's dismissal of plaintiff's complaint pursuant to G.S. 1A-1, Rule 12(b)(6) is

Affirmed.

Judges ARNOLD and GREENE concur.