HAROLD R. HOKE, M.D. v. ALFRED CHARLES YOUNG, INDIVIDUALLY AND AS AGENT OF PAW CREEK CHURCH OF GOD; PAW CREEK CHURCH OF GOD, INDIVIDUALLY AND SEVERALLY, AND INSURANCE COMPANY OF NORTH AMERICA, INDIVIDUALLY AND SEVERALLY

No. 8726SC690

(Filed 5 April 1988)

**Unfair Competition § 1— defendant's attorney's actions not coercion or duress—no claim for unfair or deceptive trade practices alleged**

Plaintiff's allegations that an insurance company's attorney improperly relied on hearsay statements gathered by the company's accident investigator concerning plaintiff's intoxication at the time of an accident and that the attorney did not sufficiently investigate the defense before raising it in the answer were insufficient to show coercion or duress, and the complaint was therefore insufficient to allege a claim for unfair or deceptive trade practices.

APPEAL by plaintiff from *Allen (C. Walter), Judge.* Judgment entered 11 February 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 January 1988.

*Elam, Seaford & McGinnis, by William H. Elam, attorney for plaintiff-appellant.*

*Wade and Carmichael, by R. C. Carmichael, Jr., attorney for defendant-appellee Insurance Company of North America.*

ORR, Judge.

On 6 September 1979 plaintiff Harold Hoke's car collided with a bus owned by Paw Creek Church of God and driven by its employee Alfred Charles Young. The church carried liability insurance for the bus and its driver with defendant Insurance Company of North America (INA).

On 7 September 1982 plaintiff sued the church and Young to recover for physical injuries and property damage suffered in the 6 September 1979 accident.

INA, in defense of the church and Young, filed an answer to plaintiff's complaint, alleging that plaintiff was intoxicated at the time of the accident, and therefore, barred from recovery by his own contributory negligence.

Plaintiff dismissed the 7 September 1982 suit without prejudice, later refiling the action on 28 August 1985, in order to add INA as a defendant.

In plaintiff's second action, he alleged INA had committed an unfair or deceptive trade practice in violation of N.C.G.S. § 75-1.1 by alleging in the answer to the 7 September 1982 complaint that plaintiff was intoxicated at the time of the accident.

INA filed a motion to dismiss plaintiff's charge pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6), which the trial court granted.

From the judgment dismissing plaintiff's claim, he appeals.

"A motion to dismiss under G.S. 1A-1, R. Civ. P. 12(b)(6) generally tests the legal sufficiency of the complaint: Has the pleader given notice of such facts as will, if true, support a claim for relief under some legal theory?" *Concrete Service Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 681, 340 S.E. 2d 755, 758, *cert. denied*, 317 N.C. 333, 346 S.E. 2d 137 (1986); *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970).

If plaintiff's facts are sufficient to state a claim under any legal theory, a claim based upon an incorrect theory of law may not be dismissed under this statute, *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979); *Jones v. City of Greensboro*, 51 N.C. App. 571, 277 S.E. 2d 562 (1981), unless the face of the complaint shows an insurmountable bar to recovery. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161; *Piatt v. Doughnut Corp.*, 28 N.C. App. 139, 220 S.E. 2d 173 (1975), *disc. rev. denied*, 289 N.C. 299, 222 S.E. 2d 698 (1976).

The trial court concluded in the present case that plaintiff's facts failed to state a recognized claim for relief.

On appeal plaintiff argues the statements in INA's answer were made to coerce him into an unfair settlement of his insurance claim.

N.C.G.S. § 75-1.1(a) governs this issue and holds in pertinent part: "[U]nfair or deceptive acts or practices in or affecting commerce, are declared unlawful."

In North Carolina "[a] party is guilty of an unfair act or practice when it engages in conduct which amounts to an inequitable assertion of its power or position." *Johnson v. Insurance Co.*, 300 N.C. 247, 264, 266 S.E. 2d 610, 622 (1980); *Dull v. Mut. of Omaha Ins. Co.*, 85 N.C. App. 310, 354 S.E. 2d 752, *disc. rev. denied*, 320 N.C. 512, 358 S.E. 2d 518 (1987). "Therefore, coercive tactics are within the definition of unfair practices." *Wilder v. Squires*, 68 N.C. App. 310, 315, 315 S.E. 2d 63, 66, *disc. rev. denied*, 311 N.C. 769, 321 S.E. 2d 158 (1984). However, whether an alleged commercial act or practice is unfair or deceptive in violation of N.C.G.S. § 75-1.1 is a question of law for the trial court. *Hardy v. Toler*, 288 N.C. 303, 218 S.E. 2d 342 (1975); *Harris v. NCNB*, 85 N.C. App. 669, 355 S.E. 2d 838 (1987).

Coercion or duress occurs when a party intentionally uses a wrongful act or threat to compel a victim to act against his will. *Link v. Link*, 278 N.C. 181, 179 S.E. 2d 697 (1971); *Wilder v. Squires*, 68 N.C. App. 310, 315 S.E. 2d 63.

The facts in plaintiff's complaint alleged only that INA's attorney improperly relied on hearsay statements gathered by INA's accident investigator, and, as a result of his negligent reliance, the INA attorney did not sufficiently investigate the defense before raising it in the answer.

After review, we conclude these facts were insufficient, as a matter of law, to state a claim entitling plaintiff to proceed under N.C.G.S. § 75-1.1.

The trial court's dismissal of plaintiff's complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) is affirmed.

Affirmed.

Judges JOHNSON and PHILLIPS concur.