BENJAMIN PAUL JONES, Plaintiff v. WILLIAM H. COWARD, and COWARD, HICKS
& SILER, P.A. Defendants

No. COA08-37

(Filed 7 October 2008)

## 1. Libel and Slander— defamation—attorney's statement to potential witness regarding lawsuit—absolute privilege

The trial court did not err by dismissing plaintiff's claim for defamation on the basis that defendant attorney's statement to a potential witness about plaintiff was privileged and thus immune from plaintiff's action because: (1) an attorney's statement or question to a potential witness regarding a suit in which that attorney is involved, whether preliminary to trial, or at trial, is privileged and immune from civil action for defamation, provided the statement or question is not so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety, and that it was so related to the subject matter of the controversy that it may have become the subject of inquiry in the course of the trial; and (2) the rule of absolute privilege was applicable when plaintiff's own evidence was that defendant approached the potential witness in an attempt to gather evidence for an ongoing suit, and regardless of the accuracy of the alleged statement that plaintiff got run out of town for drugs, it was not so palpably irrelevant to the subject matter of the controversy that no reasonable man could doubt its irrelevancy or impropriety, and it was so related to the subject matter of the controversy that it may have become the subject of inquiry.

## 2. Emotional Distress— attorney's statement to potential witness regarding lawsuit—intentional infliction of emotional distress—negligence—privileged statement

The trial court did not err by dismissing plaintiff's claims for intentional infliction of emotional distress and negligence because: (1) these claims are based upon the same question or comment plaintiff alleges defendant attorney put to the potential witness; (2) were plaintiff allowed to pursue the additional claims, the privilege protecting defendant from an action for defamation would be eviscerated and the public policy providing advocates the security to zealously pursue cases on behalf of their clients would be completely undermined; and (3) a thorough

JONES v. COWARD

[193 N.C. App. 231 (2008)]

review of plaintiff's arguments, the record, and relevant law revealed the additional arguments were without merit.

Appeal by plaintiff from an order entered 22 May 2007 by Judge James E. Lanning in Jackson County Superior Court. Heard in the Court of Appeals 20 August 2008.

*Donald H. Barton, for plaintiff-appellant.*

*Coward, Hicks & Siler, P.A., by William H. Coward and Andrew C. Buckner, for defendants-appellees.*

JACKSON, Judge.

According to plaintiff's complaint, William H. Coward ("defendant"), while a partner in the law firm of Coward, Hicks & Siler, P.A. (along with defendant, "defendants"), filed a lawsuit on 8 September 2005, the subject of which is not relevant to the instant action. On 19 January 2006, this complaint was amended and joined plaintiff as a defendant. In November 2006, defendant approached Bobby Bracken ("Bracken"), a potential witness in the action originally filed 8 September 2005, while he was eating breakfast in a public place, and either asked Bracken, "Did you hear that [plaintiff] got run out of town for drugs?" or stated, "[Plaintiff] got run out of town for drugs." Plaintiff filed the instant action on 11 May 2007, alleging defendants (defendant, and his law firm, through the doctrine of *respondeat superior*) had defamed (slandered) plaintiff through defendant's remarks to Bracken; had intentionally inflicted emotional distress; and had acted negligently. Plaintiff also sought punitive damages.

On 22 May 2007, defendants moved to dismiss plaintiff's action for failure to state a claim upon which relief could be granted based upon Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. At a 30 July 2007 hearing, defendants argued that defendant's alleged statement to Bracken was privileged, and thus immune to plaintiff's defamation claim, because it was made pursuant to defendant's representation of his clients in the 8 September 2005 action. By order entered 1 August 2007, the trial court granted defendants' motion to dismiss, and plaintiff timely appealed. Additional relevant facts will be addressed below.

In plaintiff's only argument on appeal, he contends the trial court erred in granting defendants' motion to dismiss. We disagree.

Our standard of review is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. In ruling upon such a motion, the complaint is to be liberally construed, and the trial court should not dismiss the complaint unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief.

*Meyer v. Walls*, 347 N.C. 97, 111-12, 489 S.E.2d 880, 888 (1997) (citations and quotation marks omitted).

We review the trial court's decision to dismiss plaintiff's claim *de novo*. *S.N.R. Mgmt. Corp. v. Danube Partners 141, LLC*, 189 N.C. App. 601, 606-07, 659 S.E.2d 442, 447 (2008).

[1] Plaintiff first argues that the trial court erred in dismissing his claim for defamation on the basis that defendant's statement was privileged and thus immune from plaintiff's action.

It is now well-established that defamatory statements made in the course of a judicial proceeding are absolutely privileged and will not support a civil action for defamation, even if made with malice. In determining whether or not a statement is made in the course of a judicial proceeding, the court must decide as a matter of law whether the alleged defamatory statements are sufficiently relevant to the issues involved in a proposed or ongoing judicial proceeding.

*Harris v. NCNB Nat'l Bank* of North Carolina, 85 N.C. App. 669, 672, 355 S.E.2d 838, 841 (1987) (citations omitted). In *Scott v. Statesville Plywood and Veneer Co., Inc.*, 240 N.C. 73, 81 S.E.2d 146 (1954), our Supreme Court stated:

While statements in pleadings and other papers filed in a judicial proceeding are not privileged if they are not relevant or pertinent to the subject matter of the action, the question of relevancy or pertinency is a question of law for the courts, and the matter to which the privilege does not extend must be so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety. If it is so related to the subject matter of the controversy that it may become the subject of inquiry in the course of the trial, the rule of absolute privilege is controlling.

*Scott*, 240 N.C. at 76, 81 S.E.2d at 149. "In North Carolina, the phrase 'judicial proceeding' has been defined broadly, encompassing more than just trials in civil actions or criminal prosecutions." *Harris*, 85 N.C. App. at 673, 355 S.E.2d at 842.

According to the Restatement (Second) of Torts § 586 (1977),

[a]n attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

*Id. See also Harris*, 85 N.C. App. at 674, 355 S.E.2d at 842. "The public policy underlying this privilege 'is grounded upon the proper and efficient administration of justice. Participants in the judicial process must be able to testify or otherwise take part without being hampered by fear of defamation suits.' " *Harman v. Belk*, 165 N.C. App. 819, 824, 600 S.E.2d 43, 47 (2004) (quoting *Houpe v. City of Statesville*, 128 N.C. App. 334, 346, 497 S.E.2d 82, 90 (1998)). In North Carolina, this privilege has been extended to potential witness' statements to counsel. *Rickenbacker v. Coffey*, 103 N.C. App. 352, 357-58, 405 S.E.2d 585, 588 (1991). *Harris* cites with favor a number of cases from other jurisdictions in support of its holding that the privilege applies to statements made before trial, including *Russell v. Clark*, 620 S.W.2d 865 (Tex. App. 1981) (the privilege applies to attorney statements to potential witnesses, because there was reasonable possibility they might provide relevant evidence). *Harris*, 85 N.C. App. at 674-75, 355 S.E.2d at 843. *See also Robinson v. Home Fire & Marine Ins. Co.*, 49 N.W.2d 521 (Iowa 1951) (privilege, applies to interview of potential witnesses).

We hold that an attorney's statement or question to a potential witness regarding a suit in which that attorney is involved, whether preliminary to trial, or at trial, is privileged and immune from civil action for defamation, provided the statement or question is not "so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety[,]" and it was "so related to the subject matter of the controversy that it may [have] become the subject of inquiry in the course of the trial[.]" *Scott*, 240 N.C. at 76, 81 S.E.2d at 149. *See also Harris*, 85 N.C. App. at 672-73, 355 S.E.2d at 841-42.

Plaintiff's complaint contains the following relevant allegations: That at the time of defendant's alleged statement to Bracken—either,

"Did you hear that [plaintiff] got run out of town for drugs?" or "[Plaintiff] got run out of town for drugs."—defendant was representing clients in a civil suit which named plaintiff as a defendant; that defendant knew Bracken was a potential witness in that suit, and in fact deposed Bracken subsequent to the alleged comment; and that defendant had "no other purpose to speak to Bobby Bracken other than to learn information regarding the [suit.]"

Upon these allegations in plaintiff's complaint, we hold that the trial court did not err in dismissing plaintiff's defamation suit, as plaintiff's own evidence is that defendant approached Bracken as a witness, in an attempt to gather evidence for an ongoing suit. Regardless of the accuracy of the alleged statement, we hold that it was not "so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety[,]" and it was "so related to the subject matter of the controversy that it may [have] become the subject of inquiry [*e.g.*, plaintiff's credibility. *See* N.C. R. Evid., Rule 609.] in the course of the trial," and thus, "the rule of absolute privilege is controlling." *Scott*, 240 N.C. at 76, 81 S.E.2d at 149. *See also Harris*, 85 N.C. App. at 672-73, 355 S.E.2d at 841-42. This argument is without merit.

[2] Plaintiff also contends that the trial court erred in dismissing his claims for intentional infliction of emotional distress and negligence. These claims are based upon the exact same question or comment plaintiff alleges defendant put to Bracken. Were plaintiff allowed to pursue the additional claims in this instance, and on these facts, the privilege we have held protects defendant from an action for defamation would be eviscerated, and the public policy providing advocates the security to zealously pursue cases on behalf of their clients would be completely undermined. *See Belk*, 165 N.C. App. at 824, 600 S.E.2d at 47. Furthermore, we have thoroughly examined plaintiff's arguments, the record, and the relevant law, and find these additional arguments to be without merit.

AFFIRMED.

Judges BRYANT and ARROWOOD concur.