•ÓDanibx, judge.
 

 After stating the case proceeded: In England, a general rule has been-laid down, and es•tablished, that when an act of Parliament is made for the public good, the advancement of justice, and to prevent injury and wrong, the King shall be bound by such act, though not particularly named therein. But where a statute is general,-and thereby any ’prerogative, -right, title, or interest, is divested or taken from the King, in such case the King shall not be bound unless the statute is made by express, words to extend to him.
 
 Bac. Ab. (Prerogative E. 5 page
 
 559.) From the presumption that the King-is daily employed in the weighty and public, affairs of
 
 government,
 
 it has become an -established rule of common law, that no
 
 laches
 
 shall be imputed to him, nor is he in any way to suffer in his interests, which are certain and permanent.
 
 11 -Vigilanti--bus sed non dormientibus jura-subveniuni”
 
 is a rule for the subject, but
 
 nullum tempus occurrit regi,-
 
 is the King’s plea. For there is no reason that he should suffer by 'the negligence of his officers,. or. by their contracts or combinations with the adverse party. (5
 
 Ba. Ab.
 
 562,
 
 Hob.
 
 347 .) Therefore, the King is not bound by any -Statute of Limitations, unless it is made ■ by express words-to extend to him.
 
 (5. Ba. Ab. 461. Plo.
 
 244.)— But the rule of
 
 nullum tempus occurrit regi,
 
 is subject to various exceptions, both at common law and by statute, which may be seen 'in
 
 Mr. Hargrave’s note,
 
 to 1
 
 Thomas’ Coke Lit.
 
 74, (a. 16.) It seems that the rule
 
 nul-lum tempus Sp-c.
 
 is applicable to the States where not restrained by some constitutional provision,legislative enactment, or principle of the common law. (Kemp v.
 
 The Commonwealth, 1.H.&M.85.)
 
 It is said by the Supreme
 
 *570
 
 Court of the United States, tiiat it is a well settled principle, that the Statute of Limitations does not run against a State.
 
 (Lindsey
 
 v.
 
 Miller
 
 6
 
 Peter.
 
 666.) But does not the rule extend to actions brought by a county, or in the name of any officer or person For. the benefit of a county? A county
 
 is-quasi
 
 a corporation- It has certain rights and privileges, and can by its agents and officers execute certain given power.
 
 Judge-Kent ((Com. ps.
 
 121, 122,) says, besides the proper agrégate corporations, the inhabitants of any district, as counties, or towns, incorporated by statute with particular powers, are sometimes
 
 quasi
 
 corporations. Public corporations as distinguished from private corporations are such as exist for public political purposes only, such as counties, cities, towns, and villages. They are founded by the government for public purposes, and the whole interest in them,, belongs'to the public, viz: to.the' county, towns, &c. But the reason which upholds the rule of
 
 nullum tempus
 
 &c. when applied to the sovereign, does not, in our opinion, excuse the
 
 laches
 
 of the officers of these small communities. The plea of
 
 nullum iempus,
 
 &c. is, as before mentioned, one that peculiarly belongs to the soverign, or to the Commonwealth to be exercised for the public good. The ■ system of accountability and discharge as between the sovereign and his subjects» or between the State and its citizens, is regulated by peculiar provisions, and guarded by numerous checks, under the direction of great public officers, so as to render it easy to ascertain even at remote periods of time, the rights as. well ms the obligations of those against whom claims are preferred. But the contracts between these small communities, and individual citizens are liable to all the uncertainties with respect both to charge- and discharge, and to all the defects of proof, concerning them, which time ordinarily produces in the invesr tigation of human transactions. The King or the State cannot be presumed to mean wrong, or to have an interest inconsistent with justice.
 

 But these communities, like the individuals who com» pose them, have no such legal presumption in their fa-
 
 *571
 
 vour. No authority is shown to support the position that they are not like other corporations or private persons subject to the operation of the Statutes of Limitation, nor can we see any reason which can bring them within the exception which is admitted to apply to the sovereign and the State. The act of 1715,
 
 Rev.
 
 c. 2, § 5, declares that
 
 all actions
 
 therein enumerated shall be commenced or brought within the time and limitation in the act expressed, and not after. The rights delegated to the counties by the State, do not in our opinion exempt the remedies by action of the counties, from the operation of the act of limitations. We moan remedies for rights or things, which rights or things have been claimed or held adverse to the county.
 

 A commission directing the taking of a deposi-the trUUfTsSt pending in the Superior Court of Law and Equity, &c. is valid.
 

 As to the exception taken to the reading of the deposition of
 
 Campbell,
 
 we think the commission sufficient to autho-rise the taking of the deposition. In the sentence “Supc-rlor Court of Law and Equity,” the word “ Equity” is considered as surplusage. The'commission is signed by
 
 Thomas S. Armstrong,
 
 the clerk of the Superior Court of Law for Stokes county. -The commission is likewise under the seal of the Superior Court of Law; it is sufficiently certain, and properly authenticated. We are of opinion, that a new trial must be granted, because of a misdirection on the plea of the Statute of Limitations»
 

 Per Curiam. — Judgment reversed.