KIMBERLY (HICKS) YOUNG v. CHRISTOPHER ALLEN WOODALL IN HIS INDIVIDUAL CAPACITY AND AS AN OFFICER OF THE WINSTON-SALEM POLICE DEPARTMENT; AND WINSTON-SALEM POLICE DEPARTMENT AND THE CITY OF WINSTON-SALEM

No. 9421SC623

(Filed 6 June 1995)

**1. Sheriffs, Police, and Other Law Enforcement Officers § 21 (NCI4th); Municipal Corporations § 445 (NCI4th)— officer pursuing vehicle—governmental immunity**

Defendant city and defendant police officer, in his official capacity, were entitled to partial summary judgment based on governmental immunity for any damages up to and including two

million dollars in an action arising from a collision while the officer was chasing another vehicle, except as to the contentions of negligence arising under N.C.G.S. § 20-145, where the city has no liability insurance for damages of two million dollars or less and is not a member of a local government risk pool.

**Am Jur 2d, Municipal, County, School, and State Tort Liability § 40; Sheriffs, Police, and Constables §§ 90-180.**

2. **Sheriffs, Police, and Other Law Enforcement Officers § 21 (NCI4th)— police officer pursuing vehicle—governmental function—immunity in individual capacity**

Defendant police officer who collided with plaintiff at an intersection while pursuing another vehicle was entitled to summary judgment in his individual capacity, since he was engaged in a governmental function at the time of the accident, and public officers are absolutely immune from liability for discretionary acts when taken without a showing of malice or corruption.

**Am Jur 2d, Sheriffs, Police, and Constables §§ 90-180.**

3. **Sheriffs, Police, and Other Law Enforcement Officers § 21 (NCI4th)— officer pursuing vehicle—statutory standard of care observed—jury question**

Defendant city and defendant police officer were not entitled to summary judgment under N.C.G.S. § 20-145 where the evidence that defendant officer pursued a vehicle through an intersection with a yellow flashing light without activating his siren or blue lights created a genuine issue of material fact as to whether the officer conducted himself as would a reasonably prudent person in the conduct of official duties of a like nature under like circumstances.

**Am Jur 2d, Sheriffs, Police, and Constables §§ 90-180.**

Appeal by defendants from order entered 6 April 1994 by Judge D. Jack Hooks, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 1 March 1995.

*Wright, Parrish, Newton & Rabil, by Melvin F. Wright, Jr. and Nils E. Gerber, for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, by Gusti W. Frankel, for defendant-appellant.*

MARTIN, MARK D., Judge.

The sole question upon review is whether the trial court erred in denying defendants' motion for summary judgment. We affirm in part and reverse in part.

On 30 May 1992, at approximately 2:00 a.m., plaintiff, Kimberly (Hicks) Young, was travelling north on Peters Creek Parkway. While preparing to make a left turn onto Link Road, plaintiff's automobile was struck by a police car operated by Officer Christopher Allen Woodall of the Winston-Salem Police Department. At the time of the collision, Officer Woodall was on duty as a police officer.

Officer Woodall was travelling north on Peters Creek Parkway when he observed a Camaro travelling south with only one headlight. Officer Woodall turned his vehicle around and gave chase. Officer Woodall did not notify the police dispatcher of his intention to pursue the Camaro, as required by departmental regulations, nor did he activate his sirens or flashing lights.

Officer Woodall testified that if he activates his emergency equipment when he is not close to the vehicle, the driver has an opportunity to try to outrun the officer. Apparently, Officer Woodall's intention was to turn on the blue lights when he closed in on the Camaro and, if the Camaro did not stop, to activate his siren.

It is disputed whether Officer Woodall's vehicle was travelling at an excessive speed as he approached the flashing yellow light at the intersection of Peters Creek Parkway and Link Road. During his deposition Officer Woodall testified his speed was not excessive as he approached the intersection. However, Darla Mansell, a witness, alleged in her affidavit that she "observed a police car travelling at a high rate of speed proceeding down Peters Creek Parkway." In any event, Officer Woodall conceded in his deposition that if he were in fact exceeding the posted speed limit, he would have been required by Winston-Salem Police Department policy to turn on all of his emergency equipment.

Officer Woodall testified he did not see plaintiff's vehicle until he had entered the intersection with Link Road and, at that time, saw plaintiff's vehicle was already "well into the intersection." Officer Woodall testified he did not have time to stop or take any evasive action. The two cars collided.

On 3 August 1993 plaintiff filed a negligence action against the City of Winston-Salem, the Winston-Salem Police Department, and Police Officer Christopher Woodall to recover damages sustained in the motor vehicle collision involving plaintiff and Officer Woodall. The defendants denied the material allegations of the complaint and asserted the affirmative defenses of: governmental immunity up to and including damages of two million dollars; public officers' immunity; and contributory negligence. On 3 March 1994 defendants filed a motion for summary judgment. On 6 April 1994 the trial court granted defendant Winston-Salem Police Department's motion for summary judgment; denied defendant Woodall's motion for summary judgment on the grounds of governmental immunity and public officers' immunity; and denied defendant City of Winston-Salem's motion for summary judgment, or in the alternative, partial summary judgment on the ground of governmental immunity.

We note at the outset that denial of defendants' motion for summary judgment on the issues of governmental immunity and public officers' immunity is immediately appealable. *Corum v. University of North Carolina*, 97 N.C. App. 527, 531, 389 S.E.2d 596, 598 (1990), *aff'd in part, rev'd in part on other grounds*, 330 N.C. 761, 413 S.E.2d 276 (1992).

[1] On appeal defendants contend the City of Winston-Salem is immune from suit up to and including two million dollars since the City is not indemnified by a contract of insurance for damages of two million dollars or less and is not a member of a local government risk pool. Defendants further contend Officer Woodall is immune from suit to the same extent as the City of Winston-Salem since at the time of the accident he was acting in his official capacity.

Governmental immunity protects a municipality, *Taylor v. Ashburn*, 112 N.C. App. 604, 607, 436 S.E.2d 276, 278 (1993) (citations omitted), *cert. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994), and its officers or employees sued in their official capacity from suit for torts committed while the officers or employees are performing a governmental function. *Id.* at 607, 436 S.E.2d at 279. It is well established that law enforcement is a governmental function. *Hare v. Butler*, 99 N.C. App. 693, 698, 394 S.E.2d 231, 235, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990).

In this case, Officer Woodall was performing his official duties as a police officer when he pursued the Camaro to enforce the motor vehicle laws of this State. Because Officer Woodall was performing a

governmental function at the time of the collision, we believe the City of Winston-Salem and Officer Woodall, in his official capacity, would generally be immune from suit under the doctrine of governmental immunity.

Defendant City of Winston-Salem may waive governmental immunity by the purchase of liability insurance or by joining a local government risk pool. N.C. Gen. Stat. § 160A-485(a) (1994); *Combs v. Town of Belhaven*, 106 N.C. App. 71, 73, 415 S.E.2d 91, 92 (1992) (addressing purchase of insurance). To the extent a city does not purchase liability insurance or participate in a local government risk pool pursuant to Article 23 of General Statute Chapter 58, however, a city generally retains immunity from civil liability in tort. N.C. Gen. Stat. § 160A-485.

At the time of the accident, the City of Winston-Salem was not indemnified by a contract of insurance for damages of two million dollars or less. Nor was the City a member of any local government risk pool. Because immunity has not been waived from suit for damages of two million dollars or less, the City of Winston-Salem would ordinarily be entitled to partial summary judgment for any claims in this lawsuit up to and including that amount. Furthermore, as an employee of the City of Winston-Salem, Officer Woodall would ordinarily be immune from suit in his official capacity to the same extent as the City.

[2] Defendants also contend Officer Woodall is immune from suit in his individual capacity.

The general rule is that a public official is immune from personal liability for mere negligence in the performance of his duties, but he is not shielded from liability if his alleged actions were corrupt or malicious or if he acted outside and beyond the scope of his duties.

*Slade v. Vernon*, 110 N.C. App. 422, 428, 429, S.E.2d 744, 747 (1993). A police officer is a public official. *Shuping v. Barber*, 89 N.C. App. 242, 248, 365 S.E.2d 712, 716 (1988). Public officers are absolutely immune from liability for discretionary acts when taken without a showing of malice or corruption. *Pigott v. City of Wilmington*, 50 N.C. App. 401, 402-403, 273 S.E.2d 752, 753-754, *cert. denied*, 303 N.C. 181, 280 S.E.2d 453 (1981) (*quoting Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976)). Discretionary acts are those requiring

personal deliberation, decision and judgment. *Hare v. Butler*, 99 N.C. App. at 700, 394 S.E.2d at 236.

Plaintiff does not allege Officer Woodall's conduct was malicious or corrupt. Rather, plaintiff apparently argues Officer Woodall failed to exercise reasonable care in the exercise of an alleged ministerial or proprietary function carried out for his own private purposes in contravention of departmental policy. Plaintiff also alleges that Officer Woodall failed to comply with the statutory standard of care codified in N.C. Gen. Stat. § 20-145.

We disagree with plaintiff's contentions that Officer Woodall was engaged in a ministerial or propriety function when he gave chase to the Camaro. Law enforcement is clearly a governmental function, *Hare v. Butler*, *supra*, and Officer Woodall was on duty as a police officer at the time of the collision. Likewise, the officer's decisions to chase the Camaro, to not activate his emergency equipment, and to allegedly employ excessive speed all constitute discretionary decisions made within the course of his duties. Accordingly, Officer Woodall would ordinarily be entitled to immunity under the general standard of care required of public officers and employees.

However, plaintiff contends the statutory standard of care codified in N.C. Gen. Stat. § 20-145 provides the proper legal standard for her negligence cause of action against Officer Woodall.

Defendants, in their reply brief, contend plaintiff did not pursue this theory of negligence in the complaint and is therefore barred from raising it on appeal. According to N.C.R. Civ. P. 8(a) (1), a pleading must contain "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief . . . ." N.C. Gen. Stat. § 1A-1, Rule 8(a)(1) (1990). Under Rule 8(a)(1), pleadings must be liberally construed to do substantial justice between the parties. *Givens v. Sellars*, 273 N.C. 44, 48, 159 S.E.2d 530, 534 (1968). We conclude that plaintiff's allegations, liberally construed, provide sufficient notice of her intention to pursue a negligence theory of recovery at trial whether premised upon common law standards of care or the standard of care provided in section 20-145.

Section 20-145 of the North Carolina Motor Vehicle Act provides:

The speed limitations set forth in this Article shall not apply to vehicles when operated with due regard for safety under the direction of the police in the chase or apprehension of violators

of the law or of persons charged with or suspected of any such violation. . . . This exemption shall not, however, protect the driver of any such vehicle from the consequences of a reckless disregard of the safety of others.

N.C. Gen. Stat. § 20-145 (1993) (emphasis added).

The threshold question is whether a statutory claim under section 20-145 is appropriately directed against a law enforcement officer in his official capacity, in essence constituting a claim against the municipality or, alternatively, whether a claim under section 20-145 is properly directed against the officer in his individual capacity.

Plaintiff contends that liability under section 20-145 is appropriately directed against a police officer in his or her individual capacity. In *State v. Flaherty*, 55 N.C. App. 14, 22, 284 S.E.2d 565, 571 (1981), this Court stated that the exemption from liability provided in section 20-145 applied to "a police officer acting within the scope of his official duties." In *Slade v. Vernon*, 110 N.C. App. 422, 429 S.E.2d 744 (1993), a case arising under an analogous statutory standard of care imposed on law enforcement officers in N.C. Gen. Stat. § 153A-224(a), this Court concluded that claims arising under section 153A-224(a) were properly directed against law enforcement officials in their official capacity and, in addition, stated that "our appellate courts have traditionally recognized this statutory claim without reaching the question of sovereign immunity." *Id.* at 427, 429 S.E.2d at 746-747. We therefore assume, without deciding, that claims arising under section 20-145 are properly directed against a law enforcement officer in his official capacity.[1]

[3] Unlike the doctrine of public officers' immunity, which requires a showing of malice or corruption to overcome the bar of immunity for discretionary actions, *Pigott v. City of Wilmington, supra*, the specific standard of care codified in section 20-145 has been interpreted to require only allegations of mere negligence directed against a law enforcement officer on the ground of excessive speed. *See Goddard v. Williams*, 251 N.C. 128, 133-134, 110 S.E.2d 820, 824 (1959).

---

1. We note the parties have not yet had the opportunity to fully brief this question. It appears from the record that the City of Winston-Salem, pursuant to N.C. Gen. Stat. § 160A-167, has passed a resolution related to claims and judgments sought or entered against city officers or employees for claims arising within the course of their duties. In the event plaintiff ultimately obtains a judgment premised upon its contentions of negligence under section 20-145, we defer in the first instance to the trial court to determine whether a statutory claim under section 20-145 is appropriately directed against a defendant in his individual or official capacity.

YOUNG v. WOODALL

[119 N.C. App. 132 (1995)]

Section 20-145 constitutes an exception to the speed limitations codified within the North Carolina Motor Vehicle Act for police vehicles when pursuing "violators of the law or . . . persons . . . suspected of any such violation" absent conduct exhibiting "a reckless disregard of the safety of others." We do not believe Officer Woodall's conduct in the present case exhibits any "reckless disregard of the safety of others." However, under section 20-145 "[t]he officer is held to the standard of care that a reasonably prudent person would exercise in the discharge of official duties of a like nature under like circumstances." *Bullins v. Schmidt*, 322 N.C. 580, 582, 369 S.E.2d 601, 603 (1988) *(citing Goddard v. Williams*, 251 N.C. 128, 110 S.E.2d 820 (1959)); *State v. Flaherty, supra.*

Application of the *Bullins* standard of care reveals summary judgment is not appropriate under section 20-145. The evidence of record shows the officer failed to notify the police dispatcher of his intention to pursue the Camaro in contravention of departmental policy. Despite the presence of a flashing yellow light, the officer thereafter proceeded into the intersection without activating his siren or blue lights. It is disputed whether he was travelling at an excessive rate of speed. Nonetheless, at intersections having a flashing yellow light, section 20-158(b)(4) requires an approaching vehicle to "proceed through the intersection with caution, yielding the right-of-way to vehicles in or approaching the intersection." N.C. Gen. Stat. § 20-158(b)(4) (1993).

We believe the evidence of record, construed in the light most favorable to the nonmoving party, creates a genuine issue of material fact as to whether the officer conducted himself as "a reasonably prudent person would exercise in the discharge of official duties of a like nature under like circumstances." Accordingly, the City of Winston-Salem and Officer Woodall are not entitled to summary judgment under N.C. Gen. Stat. § 20-145.

In summary, we conclude that the City of Winston-Salem and Officer Woodall, in his official capacity, are entitled to partial summary judgment based on governmental immunity for any damages up to and including two million dollars, except as to the contentions of negligence arising under N.C. Gen. Stat. § 20-145. We also conclude that Officer Woodall, in his individual capacity, is entitled to summary judgment, except as to the contentions of negligence arising under N.C. Gen. Stat. § 20-145. As to the contention that Officer Woodall failed to observe the standard of care provided in section 20-145, we

O'CARROLL v. ROBERTS INDUSTRIAL CONTRACTORS

[119 N.C. App. 140 (1995)]

affirm the trial court's denial of summary judgment on behalf of the City of Winston-Salem and Officer Woodall.

This case is remanded to the trial court for further proceedings consistent with this opinion.

Affirmed in part and reversed in part.

Judges JOHNSON and JOHN concur.