ANDRU EARL WALL, Plaintiff v. CITY OF RALEIGH and GARRY BAKER, Individually, Defendants

No. COA95-218

(Filed 2 January 1996)

**Municipal Corporations § 445 (NCI4th)— parking fines and late fees—governmental function—immunity not waived by city**

Defendant city was immune from plaintiff's claims for violation of N.C.G.S. Chapter 75, Article 2 entitled "Prohibited Acts by Debt Collectors," since collection of parking fines and late fees is

WALL v. CITY OF RALEIGH

[121 N.C. App. 351 (1996)]

a governmental function, and the city did not waive its governmental immunity by participating in a local government risk pool which had a $500,000 deductible which the city was responsible for paying.

**Am Jur 2d; Municipal, County, School, and State Tort Liability § 40.**

**What is "motor vehicle" or the like within statute waiving governmental immunity as to operation of such vehicles. 77 ALR2d 945.**

Appeal by defendants from order entered 4 December 1994 in Wake County District Court by Judge Jerry Leonard. Heard in the Court of Appeals 16 November 1995.

*Hatch, Little & Bunn, L.L.P., by William D. Young, IV, and Tina L. Frazier, for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., Patricia L. Holland and Kari L. Russwurm, for defendant-appellants.*

GREENE, Judge.

The City of Raleigh and Garry Baker (collectively defendants) appeal from an order entered 4 December 1994 denying their motion for summary judgment.

Andru Earl Wall (plaintiff) filed a complaint against defendants on 27 April 1993. It alleged that the City of Raleigh (City) and Garry Baker (Baker), supervisor for the Division of Parking Violations for the City, violated Article 2 of Chapter 75 of the North Carolina General Statutes (Article 2) entitled "Prohibited Acts by Debt Collectors" when defendants attempted to collect parking fines and late fees from plaintiff for on-street parking violations. Specifically, plaintiff claims that defendants "threaten[ed] to accuse Plaintiff of a crime or of conduct that would tend to cause disgrace, contempt or ridicule upon Plaintiff[,]" "engag[ed] . . . in a course of conduct the natural consequence of which was to oppress, harass and abuse Plaintiff," "attempt[ed] to collect a debt . . . by unconscionable means[,]" and "unreasonably publiciz[ed] information regarding a civil debt" when Baker revealed plaintiff's name and amount of his debt to Evelyn Wooten (Wooten), plaintiff's supervisor. Plaintiff alleges that at all times relevant, the City had purchased liability

insurance which waives any governmental immunity. Pursuant to N.C. Gen. Stat. § 75-56, plaintiff requested damages of "at least $8,000.00" and reasonable attorney fees.

Defendants filed for summary judgment. The evidence, viewed in the light most favorable to the plaintiff, *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 101 N.C. App. 1, 4, 398 S.E.2d 889, 890 (1990), *rev'd on other grounds*, 329 N.C. 646, 407 S.E.2d 178 (1991), reveals that the City maintains and regulates an on-street parking system. Plaintiff violated on-street parking ordinances, incurring parking fines, which he failed to pay in a timely fashion and consequently incurred late fees. In the process of trying to collect the fines and late fees levied against plaintiff, defendants engaged in a course of conduct which included: filing a summons and complaint against plaintiff in small claims court; meeting with plaintiff to try and arrange a payment schedule, until plaintiff indicated he would not pay the late fees; receiving a judgment against plaintiff; sending a letter to plaintiff to inform him that he had 20 days to pay the fines and fees after judgment was entered; revealing plaintiff's work address to the Sheriff's department at their request for purposes of service; and revealing to Wooten plaintiff's name and amount of debt.

At all times relevant, the City was a member of the Interlocal Risk Financing Fund of North Carolina, a local government risk pool, which indemnified the City for claims up to two million dollars. As a member of the risk pool, the City was responsible for paying a $500,000 deductible on each claim.

At the summary judgment hearing the trial court found that although the actions complained of "arise out of the performance of a governmental function" and the doctrine of governmental immunity is applicable, the City waived immunity by the purchase of insurance as authorized by N.C. Gen. Stat. § 160A-485. The trial court also found that Article 2 was applicable to this case and that with regards to the actions of the City, under Article 2, the plaintiff was a "consumer" and the City was a "debt collector." From a denial of summary judgment, defendants appeal.

The issues are whether (I) collection of parking fines and late fees is a governmental function; and (II) the City waived its governmental immunity by the participation in a local government risk pool which had a $500,000 deductible that the City was responsible for paying.

I

Because the City's grounds for summary judgment are based in part on governmental immunity, the denial of its motion for summary judgment is immediately appealable, although interlocutory. *Taylor v. Ashburn*, 112 N.C. App. 604, 606, 436 S.E.2d 276, 278 (1993), *cert. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994).

The City contends on appeal it is immune from plaintiff's claims because "enforcement of the City of Raleigh's ordinances—in this case, parking ordinances" was "clearly *governmental* in nature." We agree.

The doctrine of governmental immunity protects a municipality from suit for torts committed while its employees or officers are performing governmental functions. *Young v. Woodall*, 119 N.C. App. 132, 135, 458 S.E.2d 225, 228, *disc. rev. allowed*, 341 N.C. 424, 461 S.E.2d 770 (1995). The collection of a tax is a governmental function, 18 Eugene McQuillin, *McQuillin Mun. Corp.* § 53.54, at 388 (James Perkowitz-Solheim et al. eds., 3d ed., Clark Boardman Callaghan 1993) (1904) [hereinafter 18 *McQuillin Mun. Corp.*], and the coins required to operate an on-street parking meter are in the nature of a tax. *Britt v. Wilmington*, 236 N.C. 446, 452, 73 S.E.2d 289, 294 (1952). Similarly, the collection of parking fines and late fees, imposed for parking violations, is a governmental function. This is so because the collection of these fines and fees is necessary to enforce the parking regulations. *See* 63 C.J.S. *Municipal Corporations* § 782, at 91 (1950) (the enforcement of ordinances regulating the use of streets are governmental powers); 18 *McQuillin Mun. Corp.* § 53.22.40, at 286 (enforcement of ordinances is a legislative function which is immune from tort actions).

II

The City argues that it has not waived its immunity with respect to plaintiff's claim because although the City is a member of a local government risk pool, the City is not insured for claims of less than $500,000. We agree.

A city waives governmental immunity to the extent that the city is indemnified from tort liability through the purchase of liability insurance or participation in a local government risk pool. N.C.G.S. § 160A-485(a) (1994). However, to the extent a city does not purchase liability insurance or participate in a local government risk pool pursuant to section 160A-485, "a city generally retains immunity from civil liability in its governmental capacity." *Jones v. Kearns*, 120 N.C. App. 301, 303, 462 S.E.2d 245, 246 (1995).

During the time the City was attempting to collect parking fines and late fees from plaintiff, the City was indemnified for claims in excess of $500,000 through its participation in a local government risk pool. Any claims for less than that amount were not indemnified because there was a $500,000 deductible for which the City was solely responsible. Therefore, for claims of $500,000 or less the City retains its immunity. *See Jones*, 120 N.C. App. at 303, 462 S.E.2d at 246 (City did not waive immunity for claims of $250,000 or less because its liability policy had a $250,000 "retention per incident" and was entitled to summary judgment).

Although the prayer for relief will not dictate what relief will ultimately be awarded, *Holloway v. Wachovia Bank and Trust Co.*, 339 N.C. 338, 346, 452 S.E.2d 233, 237 (1994), because Article 2 limits an award to $2,000 per violation, N.C.G.S. § 75-56 (1994), and plaintiff claims only four violations, plus reasonable attorney fees, any damages plaintiff seeks cannot exceed $500,000, *see Holloway*, 339 N.C. at 348, 452 S.E.2d at 239 (punitive damages are not recoverable under Chapter 75), and summary judgment for the City on this basis is proper. *See Wilhelm v. City of Fayetteville*, 121 N.C. App. 87, 90, 464 S.E.2d 299, 301 (1995) (summary judgment not proper where plaintiff may receive an award in excess of City's immunity). We need not, therefore, address the question of whether Article 2 applies to the facts of this case. The trial court's Order denying summary judgment is

Reversed.

Judges MARTIN, Mark D., and McGEE concur.