CITY OF GREENSBORO, Plaintiff v. KEVIN B. MORSE, Defendant

No. COA08-547

(Filed 16 June 2009)

**1. Statutes of Limitation and Repose— collection of parking tickets—pursuant to ordinance—N.C.G.S. § 1-54(2) not applicable**

The trial court erred by concluding that the one year statute of limitations in N.C.G.S. § 1-54(2) barred plaintiff city's recovery in an action to recover unpaid parking tickets and penalties. That statute applies only to actions based on statutes which expressly provide for a penalty or forfeiture for punitive purposes; the penalty at issue here is civil in nature. N.C.G.S. § 160A-175 grants municipalities the power to impose fines and penalties for violation of its ordinances.

**2. Statutes of Limitation and Repose— collection of parking tickets—no statute of limitations against city**

The common doctrine of nullum tempus occurrit regi (time does not run against the king) applied such that no statute of limitations barred an action to recover unpaid parking tickets and penalties, which is a governmental function.

Appeal by plaintiff from an order entered 24 January 2008 by Judge Margaret L. Sharpe in Guilford County District Court. Heard in the Court of Appeals 14 January 2009.

*City of Greensboro City Attorney's Office, by Anargiros N. Kontos, for plaintiff-appellant.*

*North Carolina League of Municipalities, by North Carolina League of Municipalities General Counsel Andrew L. Romanet, Jr. and Senior Assistant General Counsel Gregory F. Schwitzgebel, III, Amicus Curiae.*

*No brief, for defendant-appellee.*

JACKSON, Judge.

The City of Greensboro ("plaintiff") appeals the trial court's order granting a motion by Kevin B. Morse ("defendant") to dismiss plaintiff's complaint. We reverse the trial court's order and remand the matter for the reasons set forth below.

Between March 2004 and February 2007, plaintiff issued to defendant eighty citations for parking violations of plaintiff's municipal ordinances. Defendant did not pay the associated penalties assessed, and on 16 February 2007, plaintiff commenced this action in small claims court to recover from defendant a sum of $2,345.00 in unpaid parking ticket and penalty assessments.[1] On 14 March 2007, a magistrate entered an order in plaintiff's favor for $2,335.00. Defendant timely appealed, and the case was scheduled for mandatory arbitration. On 16 May 2007, the arbitrator awarded $390.00 to plaintiff. On 1 June 2007, plaintiff sought a trial *de novo*. On 18 July 2007, defendant filed a motion to dismiss plaintiff's complaint pursuant to North Carolina Rules of Civil Procedure, Rule 12(b)(6). On 24 January 2008, the trial court entered an order granting defendant's motion to dismiss after concluding that plaintiff's complaint was barred by the one-year statute of limitations set forth in North Carolina General Statutes, section 1-54(2). Plaintiff appeals.

We review the trial court's decision to dismiss plaintiff's claim *de novo*. *Jones v. Coward*, 193 N.C. App. 231, 233, 666 S.E.2d 877, 879 (2008) (citing *S.N.R. Mgmt. Corp. v. Danube Partners 141, LLC*, 189 N.C. App. 601, 606, 659 S.E.2d 442, 447 (2008)). We inquire

whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. In ruling upon such a motion, the complaint is to be liberally construed, and the trial court should not dismiss the complaint unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief.

*Id.* (quoting *Meyer v. Walls*, 347 N.C. 97, 111-12, 489 S.E.2d 880, 888 (1997)).

**[1]** Plaintiff argues that the trial court erred by concluding that the one year statute of limitation period set forth in North Carolina General Statutes, section 1-54(2) barred plaintiff's recovery. We agree.

Section 1-54(2) sets forth one of several statutes of limitation contained within our General Statutes. It requires the commencement within one year of an action "[u]pon a statute, for a penalty or forfeiture, where the action is given to the State alone, or in whole or in part to the party aggrieved, or to a common informer, except where the statute imposing it prescribes a different limitation." N.C. Gen.

---

1. Plaintiff concedes that defendant paid $10.00 after this action commenced, and that the balance of defendant's unpaid parking tickets is now $2,335.00.

Stat. § 1-54(2) (2007). We previously have held that "[North Carolina General Statutes, section] 1-54(2) applies only to actions based on statutes which expressly provide for a penalty or forfeiture, the purpose of which is punitive." *Miller v. C. W. Myers Trading Post*, 85 N.C. App. 362, 368, 355 S.E.2d 189, 193 (1987) (original emphasis omitted) (citing *Holley v. Coggin Pontiac, Inc.*, 43 N.C. App. 229, 259 S.E.2d 1, *disc. rev. denied*, 298 N.C. 806, 261 S.E.2d 919 (1979)). Here, the penalty at issue is civil in nature.

North Carolina General Statutes, section 160A-175 grants municipalities the "power to impose fines and penalties for violation of its ordinances." N.C. Gen. Stat. § 160A-175(a) (2007). Furthermore,

[a]n ordinance may provide that violation shall subject the offender to a civil penalty to be recovered by the city in a civil action in the nature of debt if the offender does not pay the penalty within a prescribed period of time after he has been cited for violation of the ordinance.

N.C. Gen. Stat. § 160A-175(c) (2007).

Plaintiff has enacted Greensboro, North Carolina Code of Ordinances, section 16-71 which provides civil penalties for violations of various municipal parking regulations. *See* Greensboro, N.C., Code of Ordinances § 16-71. Subsection (a) details the penalty amounts and types of violations. *Id.* Subsection (b) provides that "[t]he city tax collector may accept payments in full and final settlement of the claim or claims, rights or rights of action which the city may have to enforce such penalties, by civil action in the nature of debt." *Id.*

In the case *sub judice*, the record demonstrates that the penalties assessed against defendant were pursuant to a municipal ordinance rather than a statute. Therefore, we hold that the trial court erred by dismissing plaintiff's complaint pursuant to the statute of limitations set forth in North Carolina General Statutes, section 1-54(2) because section 1-54(2) applies only to an action for a penalty or forfeiture. *See* N.C. Gen. Stat. § 1-54(2) (2007); *Miller*, 85 N.C. App. at 368, 355 S.E.2d at 193.

[2] Plaintiff further contends that the common law doctrine of *nullum tempus occurrit regi* applies such that no statute of limitations bars actions pursuant to governmental functions. We agree.

Our Supreme Court has explained that *nullum tempus occurrit regi*—"time does not run against the king"—"developed at common

law under the reasoning that the king, who was preoccupied with weighty affairs, 'should [not] suffer by negligence of his officers' in failing to pursue legal claims." *Rowan County Bd. of Education v. U.S. Gypsum Co.*, 332 N.C. 1, 6, 418 S.E.2d 648, 652 (1992) (quoting *Armstrong v. Dalton*, 15 N.C. (4 Dev.) 568, 569 (1834)). Although the doctrine " 'appears to be a vestigial survival of the prerogative of the Crown,' the source of its continuing vitality 'is to be found in the great public policy of preserving the public rights, revenues, and property from injury and loss, by the negligence of public officers.' " *Id.* (quoting *Guaranty Trust Co. v. United States*, 304 U.S. 126, 132, 82 L. Ed. 1224, 1227-28 (1938)). The Court instructed that "*nullum tempus* survives in North Carolina and applies to exempt the State and its political subdivisions from the running of time limitations unless the pertinent statute expressly includes the State." *Rowan County Bd. of Education*, 332 N.C. at 8, 418 S.E.2d at 653. However,

> *[n]ullum tempus* does not . . . apply in every case in which the State is a party. If the function at issue is governmental, time limitations do not run against the State or its subdivisions unless the statute at issue expressly includes the State. If the function is proprietary, time limitations do run against the State and its subdivisions unless the statute at issue expressly excludes the State.

*Rowan County Bd. of Education*, 332 N.C. at 9, 418 S.E.2d at 654.

We previously have held that, like taxes, "the collection of parking fines and late fees, imposed for parking violations, is a governmental function. This is so because the collection of these fines and fees is necessary to enforce the parking regulations." *Wall v. City of Raleigh*, 121 N.C. App. 351, 354, 465 S.E.2d 551, 553 (1996). Therefore, we hold that the collection of fines and fees to enforce plaintiff's parking regulations also is a governmental function within the meaning of the doctrine of *nullum tempus*. *See Rowan County Bd. of Education*, 332 N.C. at 8-9, 418 S.E.2d at 653-54; *Wall*, 121 N.C. App. at 354, 465 S.E.2d at 553.

Accordingly, we reverse the trial court's order granting defendant's motion to dismiss plaintiff's complaint as being time-barred pursuant to North Carolina General Statutes, section 1-54(2), and we remand the matter to the trial court.

Reversed and remanded.

Chief Judge MARTIN and Judge McGEE concur.