**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-1982**

———————

BRIAN C. WILLIAMS, and others similarly situated; MARICOL YUNAIRA TINEO DE LEON, and others similarly situated; JAIRO VENSRIQUE LEON DA COSTA, and others similarly situated; MIKE GUSTAFSON,

        Plaintiffs - Appellees,

    v.

CRAIG ORSON BROOKSBY; LYNN PINDER; TONYA NEWELL,

        Defendants - Appellants,

    and

CAROLYN SOUTHER; LA ROCHELLE, LLC; ADKEN, LLC; BENDERWOOD, LLC; BLUE ROCK HOMES, LLC; BLUEBOTTLE, LLC; BUTAN, LLC; CANNON FIRE, LLC; CARLIANO, LLC; CASTLETON, LLC; CHAZAG, LLC; CHERNESS, LLC; CHINSIA, LLC; CHRISWERN, LLC; CREER, LLC; CWBRIDGE, LLC; CWCASTLEWOOD, LLC; CWDANTE, LLC; DARAFIN, LLC; DEXTRON, LLC; DOUBLE D ENTERPRISES OF DURHAM, LLC; DRAKESHIRE, LLC; DUNKIRK, LLC; DUNSMURE, LLC; EDEN SERVICES, LLC; EL PROPERTY HOLDINGS, LLC; EMBARCADERO, LLC; ERNESS, LLC; ESTAN, LLC; FONTANAY, LLC; FORBES, LLC; GAVOS, LLC; GIDEER, LLC; HALLIARD, LLC; HANTELL, LLC; HEVEA, LLC; HISHAM, LLC; HOUSE HUNTER INVESTING, LLC; IMEON, LLC; INDELL, LLC; INURE, LLC; ITALY, LLC; JANSS, LLC; JAUNT, LLC; JON, LLC, Knotting Hill Series; JULIUS HILL PROPERTIES, LLC; KARUNA, LLC; KELSON, LLC; KINTEL, LLC; MANTICA, LLC; MIWOK, LLC; MOON HOLDINGS, LLC; MOSHON, LLC; NC ALAMANCE RE ASSET I, LLC; NC BIDDING-2, LLC; NIDGE BROOK, LLC; NOSORA, LLC; NUALL, LLC; NUNMONT, LLC; OBIVA, LLC; OPAZ, LLC; ORADEA, LLC; OSTIA, LLC; PARACOSE, LLC; PASTURE HOLDINGS, LLC; PERISSUO PARTNERS, LLC; PEROGA, LLC; PORTLICK DRIVE, LLC, (TX); PROPRIO, LLC; QUI, LLC; QUINTON, LLC; QUOVIA, LLC; RE RESULTS, LLC; ROYANAH, LLC; SANORA, LLC; SHILLINGTON, LLC; SULAR, LLC; TESIAS, LLC; TICOTY SERIES, LLC; TILDEN, LLC; TREE HOLDINGS, LLC; VALENSEN,

LLC, (UT); WADESTONE, LLC, (UT); WESTBROOK HOLDINGS, LLC; WINSOME, LLC; WOLCOTT PARK, LLC; YANGTZE, LLC; YEOMAN, LLC; YUKON, LLC; ZAPA, LLC; 2 AND 5 FISH, LLC; ALOSA REALTY, LLC; BANNISTER ROCK, LLC; BERMUDA HOLDINGS, LLC; CARILL, LLC; CASTEDNET, LLC; CEDAR HOUSE PROPERTIES, LLC; CHADASH REALTY GROUP, LLC; CHANDLER PROPERTY HOLDINGS, LLC; CHANTRY HOLDINGS, LLC; CLOCK ACADEMY, LLC; EVERGREEN PROPERTY HOLDINGS, LLC; FIELD VIEW, LLC; GRANDAPPLE, LLC; GSBOREALIS, LLC; HEART ASPEN PROPERTIES, LLC; HUNTER FE, LLC; JURAS, LLC; JUROS, LLC; KEZIAH HOLDINGS, LLC; LAND DEVELOPMENT AND ACQUISITION, LLC; MILL PROPERTIES, LLC; NEWPORT, LLC, (UT); NLTSUCCESS, LLC; RAPHA, LLC; RP ASSETS, LLC; RUCKSACK HOLDINGS, LLC; SAFIRE, LLC; SORGHUM, LLC; SUNSPRING, LLC; THUNDERBIRD PROPERTIES OF NORTH CAROLINA, LLC; TIMBER REFUGE; WEHAB HOMES, LLC, (NV); HAPPY DOGS ONE TRUST, LLC; ACRONOLIS, LLC; CRATER, LLC; CWFORTRESS, LLC; DOLOROCK, LLC; KONRADD, LLC; MESSINA, LLC; PINEMORE, LLC; SHALYN, LLC; STUDIO AVE, LLC; THISTLE, LLC; WENDELL, LLC; AVIRTA, LLC; GG IRREVOCABLE TRUST; KING FAMILY ENTERPRISES, LLC; MALDIVES, LLC; THE ESTATES (UT), LLC; THE ESTATES, LLC; THE ESTATES REAL ESTATE GROUP, LLC; RED TREE HOLDINGS, LLC; TIMBRA OF NORTH CAROLINA, LLC; VERSA PROPERTIES, LLC,

Defendants.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:19-cv-01076-CCE-JLW)

---

Submitted:  August 21, 2024                          Decided:  October 15, 2024

---

Before KING, GREGORY, and RUSHING, Circuit Judges.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

**ON BRIEF:**  Adam G. Wood, Albemarle, North Carolina, for Appellants.  Dhamian A. Blue, BLUE LLP, Raleigh, North Carolina; James C. White, J.C. WHITE LAW GROUP PLLC, Chapel Hill, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Craig Orson Brooksby, Tonya Newell, and Lynn Pinder (Appellants) appeal from the district court's order granting in part the request of Jairo Vensrique Leon Da Costa, Maricol Yunaira Tineo De Leon, Mike Gustafson, and Brian C. Williams (Appellees) for a permanent injunction, judgment entered after a jury verdict, and order entering a permanent injunction following trial in their civil action under § 1 of the Sherman Act, 15 U.S.C. § 1, North Carolina's state antitrust law analogue prohibiting unfair and deceptive trade practices, N.C. Gen. Stat. §§ 75-1, 75-1.1, and North Carolina state law prohibiting unjust enrichment against Appellants and 12 other defendants. The jury determined that Appellants and other defendants engaged in a bid rigging conspiracy in violation of the Sherman Act and North Carolina state law by agreeing to limit bids by members of a membership-based limited liability company to one member per property at the time they were placing bids on Appellees' properties at public foreclosure auctions; it determined that Brooksby, Newell, and other defendants were part of this conspiracy as concerns Da Costa, De Leon, and Williams and that Brooksby, Pinder, and other defendants were part of this conspiracy as concerns Gustafson. The jury also determined that Brooksby and other defendants used pending foreclosures as a pretext to attempt to extort funds from Da Costa, De Leon, and Williams and to obtain an interest in Gustafson's property by misrepresenting eviction procedures to his former spouse. The jury further determined that Brooksby and other defendants were unjustly enriched by their conduct at Appellees' expense. The jury awarded Appellees damages.

3

During the post-verdict oral colloquy among counsel for the parties and the district court occurring after the jury had been excused from service, Appellants orally moved for "judgment NOV based on lack of evidence to support the verdict." The district court denied this motion.

In its post-verdict order granting in part Appellees' request for a permanent injunction, the district court determined it could award equitable relief under the Clayton Act, 15 U.S.C. § 26, in the form of injunctive remedies for Appellees' antitrust injuries caused by Appellants' and the other defendants' Sherman Act violations and that Appellees were entitled to injunctive relief directing that Appellants and the other defendants take all necessary steps to reconvey the deed to the Gustafson home that they had acquired by misrepresenting eviction procedures to Gustafson's former spouse. The district court entered final judgment in Appellees' favor and entered a permanent injunction that ordered Appellants, the other defendants, and a nonparty acting in concert with them to take "all necessary steps to reconvey the deed to the Gustafson home that they acquired through bid rigging and extortion" to Gustafson's former spouse, nonparty Karen Brotschol Gustafson. The district court later denied the timely Fed. R. Civ. P. 59(e) motion to alter or amend the judgment filed by Appellants and the other defendants.

Appellants and several of the other defendants timely appealed, and briefing commenced. After Appellants and these other defendants filed their opening brief (the initial opening brief), Appellees moved to dismiss the appeal except as to Brooksby, Newell, and Pinder, arguing that the other defendants had abandoned their appeal in light of representations made in the initial brief suggesting appellate counsel no longer acted on

4

behalf of the other defendants. This court deferred action on the motion to dismiss the appeal in part and directed appellate counsel to file a motion to withdraw from representation identifying the parties he no longer represented. Appellate counsel moved to withdraw from representation of the other defendants, and this court granted that motion. Appellees and the other defendants later stipulated under Fed. R. App. P. 42(b) to the dismissal of this appeal as to the other defendants, and this court granted the stipulated dismissal request and dismissed the appeal in part as to the other defendants on November 17, 2023.

Appellants later obtained new counsel and filed an opening brief that replaced the initial opening brief. Appellees responded, and Appellants filed a reply brief. Appellants argue that the evidence is insufficient to support several of the jury's findings. They also appear to challenge the district court's denial of their partial motion for summary judgment. They further argue that the district court erred in instructing the jury and in ordering the reconveyance of the deed to the Gustafson home to Gustafson's former spouse. We dismiss the appeal in part and affirm in part.

We turn first to Appellees' pending motion to dismiss the appeal in part as to the appealing defendants other than Brooksby, Newell, and Pinder. Because this court already has dismissed this appeal in part as to those other defendants and the initial opening brief has been replaced by Appellants' opening brief, we deny as moot Appellees' motion to dismiss the appeal in part. *See Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (discussing principles of appellate mootness).

5

Next, regarding the sufficiency of the evidence, Appellants argue that the evidence is insufficient to support the jury's finding that they violated the Sherman Act[1] because no evidence was introduced at trial of a knowing agreement to restrict competition through bid rigging. They also argue that there was insufficient evidence adduced of interstate commerce; that Appellees failed to meet their burdens to define the market and show Appellants' impact on the market; and that the evidence adduced was insufficient to show Appellees suffered an antitrust injury.

"To challenge the sufficiency of the evidence in a civil jury trial on appeal, a party must comply with [Fed. R. Civ. P.] 50," which "sets out two different stages for such a challenge." *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 154 (4th Cir. 2012). First, under Rule 50(a), the party challenges "the sufficiency of the evidence before a case is submitted to the jury." *Id.* Rule 50(a) provides that a motion for judgment as a matter of law made before the case is submitted to the jury "*must* specify the judgment sought *and* the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2) (emphases added). Second, Rule 50(b)—entitled "Renewing the Motion After Trial; Alternative Motion for a New Trial," Fed. R. Civ. P. 50(b)—"sets forth the requirements for challenging the sufficiency of the evidence after the jury verdict and entry of judgment," *Belk, Inc.*, 679 F.3d at 155. This portion of Rule 50 provides for the filing of "a *renewed* motion for

---

[1] Appellants suggest as part of this argument that the evidence is insufficient to show three of the other defendants violated the Sherman Act and can be held liable for such a violation. Because these other defendants were dismissed from this appeal in this court's November 17 partial dismissal order occurring prior to the filing of Appellants' opening brief, we do not consider this claim.

judgment as a matter of law" no later than 28 days after the entry of judgment. Fed. R. Civ. P 50(b) (emphasis added). A party that does not move for relief "pursuant to Rule 50(b) forfeits [its] sufficiency of the evidence challenge on appeal." *Id.* at 160; *see Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006).

Appellants moved under Rule 50(a) for judgment as a matter of law in their favor before the case was submitted to the jury on the basis that the evidence was insufficient to show a conspiracy agreement or mutual understanding and antitrust damages and thus did not establish a violation of the Sherman Act or North Carolina state law. When they moved, however, during the post-verdict oral colloquy for "judgment NOV," they did so based only on the conclusory assertion that "the evidence" was insufficient to support the verdict. Although "oral motions, in which a party specifically invokes" Rule 50 or "even colloquy with the [district] court [can] fulfill the requirements of Rule 50 in some instances," such "oral exchanges must comply with the demands of the [R]ule." *Belk, Inc.*, 679 F.3d at 156-57.

We conclude that Appellants' post-verdict oral motion did not comply with the demands of Rule 50(b). Appellants only summarily asserted post-verdict that the evidence was insufficient to support the jury's verdict without pointing to the law and facts entitling them to judgment as a matter of law, and they "failed to even summarily state [in their post-verdict argument] that [they] w[ere] renewing the[ir] pre[-]verdict motion for judgment as a matter of law, as [they] did when [they] moved [for judgment] at the close of all the evidence." *Id.* at 159. Because Appellants' post-verdict oral motion did not renew their Rule 50(a) motion, it did not comply with Rule 50(b).

7

We also conclude that Appellants' post-verdict written filings challenging the sufficiency of the evidence did not comply with Rule 50(b). In a post-verdict written objection to Appellees' proposed judgment, Appellants summarily asserted that there was no evidence of "consent to a conspiracy" or damages. But this objection did not specify that Appellants were seeking judgment as a matter of law in their favor based on these claimed evidentiary insufficiencies; the objection thus did not comply with Rule 50(b). Further, although Appellants moved under Rule 59(e) to alter or amend the judgment to remove some of its findings and awards on the basis that three of the other defendants did not participate in a bid rigging scheme and could not be held liable for actions of certain others, these three other defendants are no longer a part of this appeal, having been dismissed from it through this court's November 17 partial dismissal order. The Rule 59(e) motion, we conclude, thus does not preserve for review Appellants' challenges to the sufficiency of the evidence.

In sum, Appellants' failure here to move "pursuant" to Rule 50(b) "forfeits the[ir] sufficiency of the evidence challenge[s] on appeal." *Id.* at 160. We therefore reject them on this basis.

Appellants also assert that, because Appellees did not meet their burden relative to market evidence, this court should grant "summary judgment" in their favor. The claimed failure of Appellees to provide market evidence was a basis on which Appellants sought partial summary judgment before the district court. Insofar as Appellants are challenging the district court's denial of their motion for partial summary judgment, they do not present this challenge in accordance with Fed. R. App. P. 28(a)(8)(A) ("[T]he argument . . . must

8

contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). We thus deem this challenge waived. *See United States v. Miller*, 41 F.4th 302, 313 (4th Cir. 2022).

We turn, then, to Appellants' challenges to the district court's jury instructions. First, Appellants argue that the instructions concerning antitrust damages were erroneous. Appellants, however, do not identify the instruction, instructions, or any portions thereof given on this topic to which they object. Because Appellants have failed to include in their opening brief any record citations supporting this instructions challenge, we conclude this argument is waived as well. *See* Fed. R. App. P. 28(a)(8)(A); *Miller*, 41 F.4th at 313.

Appellants also argue that the district court erred when it instructed the jury regarding Williams' burden to establish the existence of a bid rigging conspiracy, the definition of extortion under North Carolina state law, and Williams' burdens to prove an unfair and deceptive trade practice under state law. We conclude that Appellants failed to preserve any objections to these instructions and thus review "only for plain error." *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 912 F.3d 731, 738 (4th Cir. 2019). Under the plain-error standard, Appellants must show that "(1) the district court erred; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up).

In considering the language of a particular instruction, this court "ask[s] whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury."

*Finch v. Covil Corp.*, 972 F.3d 507, 512 (4th Cir. 2020) (internal quotation marks omitted). The court's instruction defining extortion, we conclude, adequately informed the jury of the controlling North Carolina state legal principles governing the concept, *see Bell Bakeries, Inc. v. Jefferson Standard Life Ins. Co.*, 96 S.E.2d 408, 416 (N.C. 1957); *Harris NCNB Nat'l Bank of N.C.*, 355 S.E.2d 838, 843 (N.C. Ct. App. 1987), and Appellants have not suggested that this instruction was error in light of the record evidence. Their appellate arguments addressing why, under North Carolina state law, ownership rights pass to the high bidder at a foreclosure sale do not establish that the instructions defining extortion and addressing Williams' burdens to prove an unfair and deceptive trade practice are plainly erroneous.

The court's instruction regarding Williams' burden to establish the existence of a bid rigging conspiracy, we further conclude, also adequately informed the jury of legal principles under the Sherman Act controlling whether a § 1 violation was present pursuant to the per se rule, *see Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877, 886 (2007); *United States v. W.F. Brinkley & Son Constr. Co., Inc.*, 783 F.2d 1157, 1160 (4th Cir. 1986); *see also United States v. Brewbaker*, 87 F.4th 563, 573-76 (4th Cir. 2023) (discussing per se rule and its application), *petitions for cert. filed* (U.S. July 2 & Aug. 5, 2024), and Appellants have not suggested that this instruction failed to adequately inform the jury of controlling legal principles of North Carolina state antitrust law. Although Appellants do suggest that the instruction was erroneous because the evidence of record

10

did not show bid rigging, we reject this assertion as without merit.[2]  We thus discern no plain error in the district court's instruction of the jury.

Finally, Appellants challenge the district court's grant of injunctive relief, arguing that the court erred in ordering that they, the other defendants, and a nonparty take "all necessary steps to reconvey the deed to the Gustafson home that they acquired through bid rigging and extortion" to Gustafson's former spouse Karen Brotschol Gustafson because she was not a party to the litigation, Appellees never requested in their complaint such relief or any other specific performance for her, and there was no showing that the requirements for specific performance were met.

Following entry of judgment and the injunction order, however, the deed to the Gustafson home was reconveyed to nonparty Karen Brotschol Gustafson by Carolyn Souther (on behalf of nonparty Carissa, LLC), and no party obtained a stay of the injunction order before this reconveyance occurred.  Appellants have not proffered any argument or supporting authority showing that this reconveyance could be undone or that this court could fashion for them some manner of meaningful remedy on this score, especially where Souther has voluntarily dismissed her appeal and neither Carissa nor Gustafson is a party

---

[2] We also reject as without merit Appellants' assertion made as part of this challenge that the district court erred in failing to "consider" the rule of reason, *accord Brewbaker*, 87 F.4th at 573-79 (discussing rule and its application).

Appellants further suggest for the first time in their reply brief that, because this case does not "fit" the bid rigging "mold," the district court erred by applying the per se rule to the case.  We deem this argument waived. *See United States v. Caldwell*, 7 F.4th 191, 212 n.16 (4th Cir. 2021) (noting that this court deems waived arguments not presented in party's opening brief).

11

to the litigation.  Accordingly, we conclude this portion of the appeal is moot.  *See Oakville Dev. Corp. v. FDIC*, 986 F.2d 611, 613 (1st Cir. 1993) (noting that doctrine of mootness applies where plaintiff appeals from dissolution of injunction or denial of injunctive relief, neglects to obtain stay, act sought to be enjoined transpires, and court is unable to fashion meaningful relief).  We therefore dismiss this portion of the appeal and otherwise affirm the district court's orders and judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

12